[No. 1028, February 24, 1905.]

## NOA ILFELD, et al., Appellants, v. RAMONA L. DE BACA, et al., Appellees.

### SYLLABUS.

1. Sections 3953 and 3955 of the Compiled Laws of 1897, providing for the registration of instruments in writing affecting the title to real estate, are not intended to protect creditors of the owners of the property, but to impart information to those dealing with the property respecting its transfers and incumbrances.

2. In the absence of actual fraud, and unless made as a cover for future fraud, a deed transferring real estate cannot be attacked by creditors whose debt arose after the transfer was made; it may, however, be attacked by a creditor whose debt existed prior to the conveyance, and if set aside by the prior creditor, then all of the creditors of the debtor, both prior and subsequent, shall pro rate in the fund arising from the sale of the property.

3. A wife has a tacit lien or mortgage on the property of her husband to the amount of her dotal property and the separate property which she has acquired by lucrative title and which came into his possession and was used by him during coverture.

4. In the event that a deed by a husband to a wife conveying real estate, is set aside, in the absence of actual fraud, she is entitled to have first paid to her from the funds derived from the sale of the property the amount of her dotal property, and the separate property which she acquired by lucrative title and which came into the possession of her husband and during coverture, and used by him, before the fund is divided among the husband's creditors.

Ilfeld v. Baca.

Appeal from the district court of Bernalillo county, before J. W. CRUMPACKER, Associate Justice.    Affirmed.

MCMILLEN & RAYNOLDS, for appellants.

These conveyances were from husband to wife. They were made when the husband was in a failing condition, and being pressed by his creditors by suits and otherwise. The husband continued in possession.    All these circumstances are badges of fraud.

> Bump on Fraudulent Conv. (4th Ed.),
> Secs. 49, 50, 63 and 288.

The burden is on the grantee in the deed to prove consideration and fairness when suspicion is cast upon the transaction by showing badges of fraud or otherwise.

> Bump on Fraudulent Conv.   Secs. 66,
> 249; First Nat. Bk. v. McClellan, 58 Pac. (N.
> M.) 349.

Where a debtor conveys land to his wife and a pre-existing creditor brings action to impeach the conveyance for fraud, the burden is on the wife to show that a valuable and adequate consideration actually passed from her to her husband.

> Seitz v. Mitchell, 94 U. S. 580; Horton v.
> Dewey, 53 Wis. 413; 10 N. W. 599; Hoffman
> Nolte, 127 Mo. 120; 29 S. W. 1006; Peeler v.
> Peeler, 109 N. C. 631; 14 S. E. Rep. 59; Gable
> v. Columbia Cigar Co., 140 Ind. 563, 569; 38
> U. E. R. 474; Stevens v. Carson, 78 Neb. 550;
> 46 N. W. Rep. 655; Thompson v. Loenig, 13
> Neb. 386; 14 N. W. Rep. 168; Seasongood v.
> Ware, 104 Ala. 212; 16 So. Rep. 51; Kelley
> v. Connell, 110 Ala., 543; 18 So. Rep. 9; Glass
> v. Tutavern, 43 Neb., 334;   61 N. W. Rep.
> 579; Grant v. Sutton, 90 Va. 772; 19 S. E.
> Rep. 560; Claflin v. Ambrose, 37 Fla., 78; 19
> So. Rep. 628; Hutchinson v. Boltz, 35 W. Va.
> 754; 14 S. E. Rep. 267; Bump on Fraud Conv.
> (4th Ed.) Sec. 288 and cases cited; Carson v.
> Stevens, 30 Neb. 544; 40 Neb. 112; 42 A. S.
> R. 661.

And she must go farther and show the good faith of the transfer.

> First Nat. Bk. v. McClellan, 58 Pac. (N. M.) 349.

The declarations of the insolvent that he had received full consideration, were properly excluded. To allow a fraudulent grantor to prove the validity of his conveyance by his own declarations would be to open a wide door to fraud.

> Jones on Evidence Sec. 767, 768 and 236; Bump on Fraudulent Conv. Sec. 64; United States vs. Mettz, 2 Walls (Pa.) 407; Becknell v. Mellett, 35 N. E. Rep. 1130; Bennett v. Bennett, 37 W. Va. 405; 38 A. S. R. 55.

An estate previously received by the husband in the right of the wife, is not a good consideration for a subsequent conveyance to her, especially where such property was received more than forty years before, and no note given or books kept, and where the wife did not intend to treat her husband as an ordinary debtor.

> Luers v. Brunyez, 34 N. J. Eq., 21; Riley v. Vaughn, 116 Mo. 169; Bessen v. Eveland, 26 N. J. Eq. 471; Heimes v. Scruggs, 94 U: S. 22; Bennett v. Bennett, 37 W. Va., 396; De Farges v. Ryland, 87 Va. 404; 24 Am. St. Rep. 659; Lee v. Cole, 15 Atl. ( N. J.) 536.

E. W. Dobson, for appellee.

Communications to an attorney in the course of his employment as a scrivener to draw a deed are not privileged.

> Caldwell v Davis, 10 Colo. 481; Brazee v. Fair, 26 S. Car. 370; Mutual Life Ins. Co. v. Cory, 54 Hun. (N. Y.) 493; Sheldon v. Sheldon, 58 Hun. (N. Y.) 601; Todd v. Munson, 53 Conn., 579; Goltro v. Wollcott, 14 Ill. 89; La Clef v. Campbell, 45 Pac. 461.

When a transfer of property is claimed to have been made in fraud of the rights of creditors, the acts and declarations of the vendor at and preceding the time when

Ilfeld v. Baca.

the transfer was made are admissable in evidence for the purpose of showing his intent.

> Bowersock v. Adams, 41 Pac. 971; Bank v. Beard, 42 Pac. 320; Cook v. Cook, 43 Md. 522; Chase v. Chase, 105 Mass. 385; McLane v. Johnson, 43 Vt. 48.

A transfer by an insolvent husband to his wife, in consideration of an honest debt to her, is valid as to other creditors.

> Dice v. Irwin, 11 N. E. Rep. 488; Lassiter v. Hoes, 31 N. Y. Supp. 850; Bailey v. Kansas Mfg. Co. 3 Pac. 756; Kennedy v. Powell, 7 Pac. 606; Barnett v. Hansbarger, 5 N. E. 718; Syracuse Chilled Plow Co. v. Wing, 85 N. Y. 421; Woodsworth v. Sweet, 51 N. Y. 9; Jaycox v. Caldwell, 51 N. Y. 395-626; Vase v. Cockroft, 44 N. Y. 415-427; Lansing v. Blair, 43 N. Y. 48; Lyons v. Zimmer, 30 Fed. 401; Medsker v. Bonebroke, 101 U. S. 66; Williams v. Harris, 46 Am. St. Rep. 753; Bean v. Patterson, 122 U. S. 496.

Appellants did not bring their action within the time required by law, and the same was barred by the statute of limitation.

> Hughes v. Littrell, 75 Mo. 573; Wood v. Carpenter, 101 U. S. 135; Rogers v. Brown, 61 Mo. 187.

As to notice by the recordation of a deed.

> Clark v. Van Loon, 79 N. W. 88; Hetch v. Slaney, 14 Pac. 88.

Weight to be given findings of facts made by the trial court.

> Metropolitan National Bank of Pittsburg v. Rogers, 53 Fed. 776; Medler v. Hotel and Opera House Co., 6 N. M. 331; Newcomb et al., v. White et al., 33 Pac. 671; Huntington v. Moore, 1 N. M. 503; Wamug v. Atterbury, 39 S. W. 773; Beckell v. McAller, 53 N. W. 374.

Appellants reply on question of statute of limitations by the following points and authorities.

Ilfeld v. Baca.

The recovery of a deed is only notice of its execution and contents, and is not notice of fraud.

Erickson v. Quin, 47 N. Y. 410; Godbold v. Lambert, 8 Rich. Eq. 155; 70 Am. Dec. 192; Means v. Feaster, 4 S. E. 249.

In all suits to set aside conveyances of real estate for fraud against credtiors, the cause of action accrues when the creditor has recovered a judgment and not before.

Brown v. Campbell, 100 Cal. 635; 35 Pac. 433; Ramsey v. Quillen, 5 Lea. 184; Jones v. Read, 1 Humph. 335; Compton v. Perry, 23 Tex. 414; Raynolds v. Langford, 16 Tex. 286; Musselman v. Kent, 33 Ind. 452; Marr v. Rucker, 1 Humph. 348; Weaver v. Haveland, 142 N. Y. 534; 37 N. E. 641; Gates v. Andrews, 37 N. Y. 657; Bump on Fraudulent Conv. Secs. 535 and 536; Smith v. Ft. Scott, etc. R. R. Co. 99 U. S. 398; Scott v. Neeley, 140 U. S. 106; Jones v. Greene, 1 Wall. 230; ;Putney v. Whitemier, 66 Fed. 385; Dahlman v. Jacobs, 15 Fed. 863; Addler v. Fenton, 24 Howard, 407-411; Childs v. Carlstein Co. 76 Fed. 92; Bonesteel v. Downs, 73 Iowa, 687; 35 N. W. 925; Gates v. Allen, 149 U. S. 451; Ladd v. Judson, 174 Ill. 344, 66 Am. St. R. 267.

Denials must be direct and positive and in the disjunctive.

Boone on Pleading, Sec. 61; Fletcher on Equity Pleading and Practice, Sec. 312.

### STATEMENT OF FACTS.

The complaint in this case was filed in the district court of Valencia county, on the 24th day of February, 1900. By it the appellants sought to subject certain real estate conveyed by Roman A. Baca during his life time to his wife, Ramona L. de Baca, and thereafter by them conveyed to their daughter, Luz Baca y Labadie, to the payment of certain claims allowed to the several appellants, by the probate court of Valencia county against the estate of Roman A. Baca, deceased.

The cause was referred to Harry P. Owen, Esq., as examiner, who was directed to take the proofs, and report the same to the court.

The evidence discloses that the appellee, Ramona L. de Baca, was married to the deceased Roman A. Baca, in the year '1852, and that during the same year her mother turned over to said Roman A. Baca, several hundred dollars in money, and some mules and cows, as the share of the property which Ramona L. de Baca had coming to her from the estate of her father. Afterwards there was also delivered to Roman A. Baca some property which his wife inherited from her mother.

In February, 1892, Roman A. Baca by two deeds, conveyed to his wife Ramona, several pieces of real etate. The first of said deeds purported to be "for and in considration of the sum of $1,500, and was duly recorded on May 28th, 1894. The second deed, stated that it was "for and in consideration of the sum of $1,000.00 to him in hand paid as her marital inheritance, lawful money of the United States, paid to said grantor by said grantee." This deed was recorded on August 8th, 1892.

On March 10th, 1898, Ramona L. de Baca and her husband conveyed all of said property to their daughter, Luz Baca y Labadie.

Roman A. Baca, died intestate on March 21st, 1899, leaving no property, real or personal, with which to pay his debts.

The record that the debt due Noa Ilfeld and Louis Ilfeld, partners doing business under the name of "Ilfeld Brothers", was evidenced by a promisory note, dated August 20th, 1891, due three years after date, and that the other debts mentioned in the complaint so far as they were evidenced by notes were dated on and after October 3rd, 1893. It also appears that Thurber, Wyland & Co., recovered judgment against Roman A. Baca in the district court of Socorro county on May 2nd, 1895, which judgment was thereafter assigned to complainant, The American Grocery Company, and that William Vaughn recovered judgment against said Roman A. Baca in the district court of Santa Fe county, on December 27th, 1898.

## OPINION OF THE COURT.

MILLS, C. J.—At common law there was no obligation to put upon record a conveyance affecting the title to land. It was valid without registration. Clark v. White, 12 Peters, 178. The object of registration laws is to impart information to parties dealing with property respecting its transfer and incumbrances, and thus protect them from prior secret conveyances and liens. Patterson v. De La Ronde, 8 Wall. 292. Registration is not to protect creditors, unless specifically provided for in the law. That the registration act of this Territory is not made to protect creditors is shown by the reading of section 3953, of the Compiled Laws of 1897, which says: "From and after the 1st day of January, 1888, no deed, mortgage or other instrument in writing, not recorded in accordance with section 2953, shall affect the title or rights to, or in any real estate, of any purchase or mortgage in good faith, without knowledge of the existence of such unrecorded instruments." Nothing is said in the act about creditors of the grantor.

There is a great diversity in the statutes of the several states and territories as to the protection afforded to creditors by their several registry laws." In some states an unregistered deed is declared void as against "creditors," in others as against "judgment creditors;" while in a considerable number, (and New Mexico is among them) creditors are not mentioned in the statutes at all, and unrecorded conveyances are held valid as at common law against even judgment and attaching creditors. Unless the words of the statute are so broad as to manifestly include creditors at large, only those are regarded as creditors who obtain a lien by judgment, attachment or otherwise, before an antecedent deed or mortgage is recorded." Webb on Record of Title, Sec. 10.

The record which we are now considering shows that all of the debts mentioned in the bill of complaint, except that to Noa Ilfeld and Louis Ilfeld, were incurred after the real estate in question had been conveyed to Ramona L. de Baca. It is true that several notes for small sums were given to the complainant Staab, before one of the deeds was placed on record, but as our regis-

tration act does not make any provision for the protection of creditors, this is immaterial. The title to the real estate had passed from Roman A. Baca to his wife Ramona L. de Baca, before the incurring of the debts sued on, with the exception of that due to Ilfelds, as above set out, and consequently the conveyance cannot be attacked, except by Noa Ilfeld and Louis Ilfeld, as neither the complaint nor the evidence before us shows actual fraud on the part of Roman A. Baca and his wife. Only the then existing creditors could have avoided the conveyance if the grantor had been still living. Norton v. Norton, 5 Cushing, 530. Even a voluntary conveyance is good as against subsequent creditors, unless executed as a cover for future schemes of fraud. In speaking of a voluntary conveyance made by a husband to his wife, the supreme court of the United States, says: "His right to make the settlement arises from the power which every one possesses over his own property, by which he can make any diposition of it that does not interfere with the existing rights of others. As he may give it, or a portion of it to strangers, or for objects of charity, without anyone being able to call in question either his power or right, so he may give it to those of his own household, to his wife or children. Indeed settlements for their benefit are looked upon with favor and are upheld by the courts." Moore v. Page, 111 U. S. 117; and that a voluntary conveyance is good as against subsequent creditors, unless made as a cover for future fraud has been held by the supreme court of the United States in the following cases: Sexton v. Wheaton, 8 Wheat. 229; Hinde v. Longworth, 11 Wheat. 199; Mattingly v. Nye, 8 Wall. 370; Kehr v. Smith, 20 Wall. 31; Smith v. Vodges, 92 U. S., 183; Jones v. Clifton, 101 U. S. 225; Graham v. LaCrosse, and M. R. R. R. Co., 10 U. S. 148; Clark v. Killiam, 103 U. S. 766; Wallace v. Penfield, 106 U. S. 260; Horbach v. Hill, 112 U. S. 144; Schreyer v. Scott, 134 U. S. 405.

In the case at bar there is not a scintilla of proof that the conveyances made by Roman A. Baca to his wife, were made as a cover for future schemes of fraud.

The claim of Noa Ilfeld and Louis Ilfeld, stands on a different footing than the others mentioned in the bill

of complaint, for they were prior and not subsequent credi-
tors. The debt due them is on a promissory note dated
August 20th, 1891, due three years after date. This note
was given before the conveyances mentioned in the com-
plaint were made, and consequently they can be attacked
by the Ilfelds if there was fraud in the conveyances, either
actual or legal. One must be just before he is generous.
The only fraud set up in the complaint is that the proper-
ty described in the deeds was conveyed for an inadequate
consideration. This would be a legal fraud if any, and may
be attacked by a creditor whose debt was incurred before
the transfers were made, but not by one whose claim ac-
crued after the conveyances were executed and delivered.
We think therefore that the conveyances mentioned in this
case may be attacked by Noa Ilfeld and Louis Ilfeld, but
not by the other complainants.

If, however, the deeds are set aside, by Noa and Louis
Ilfeld, then the proceeds of the sale of the property must
be divided pro rata among all of the creditors of the de-
ceased Roman A. Baca, who have proved up their claims
in the probate court of Valencia county. "It is well set-
tled, when a deed is set aside as void as to existing credi-
tors, prior and subsequent creditors share in the fund pro
rata." Kehr v. Smith, 20 Wall. 31, and cases cited in note
at bottom of page 36, at the end of the case.

The answer of the defendants in this case avers that
the deeds of Roman A. Baca, to his wife, were given to
repay her, the amount due by him to her for her dotal
property and as part of her inheritance. If this consider-
ation is proved, and is not inadequate, it is good, even as
against Ilfelds.

It has been decided in an early case in this Territory
that a wife acquires a tacit lien or mortgage upon the
property of her husband to the amount of the dotal
property of which he became possessed through her.
Chavez v. McKnight, 1 N. M. 154. This opinion fol-
lows the well established rule of the civil law that the
wife has a tacit mortgage on the property of her husband
for the restitution of both her dotal and paraphernal ef-
fects. Gasquet v. Dimitry, 9 La. 588. We think that she
also has a tacit lien or mortgage on the property of her

husband for all of her separate property which came into his possession during coverture and which was used by him.

In this case the record shows that Roman A. Baca did have in his possession and under his control certain property which belonged to his wife, and which she received by inheritance from her father and mother; but there is no proof before us by which we can ascertain the value of the real estate so conveyed by Roman A. Baca, to his wife. The complaint alleges on information and belief that it is worth from $25,000 to $30,000. In their answer, the defendants "admit that said real estate is well located and well supplied with springs and streams and well adapted to the pasturage of stock, and they are informed that a part of the same is underlaid with coal, and whether the said tract is worth $25,000 to $30,-000, those defendants do not know". The complaint closes with a prayer for general relief, but neither it nor the answer is sworn to. The transcript before us does not show that any evidence was introduced before the examiner to show the value of the property. Ramona L. de Baca certainly has a tacit mortgage or lien on the real estate sought to be conveyed to her by her husband Roman A. Baca, for the amount of her separate property which was used by her husband, and she is entitled to have it paid to her out of the proceeds of the sale of any property which may be levied on by judgment creditors of her husband, before their judgments are paid, but the evidence before us shows that the amount due the widow was not a large sum, and if the property in controversy in this suit was worth at the time of the conveyance anything like $25,000 or $30,000 as set out in the complaint, then such conveyance was in presumption of law fraudulent as against creditors, and this presumption of legal fraud puts upon the widow the burden of proof to show that the conveyance was for a valuable and adequate consideration out of her separate estate. Bank v. McClellen, 9 N. M. 643; Seitz v. Mitchell, 94 D. S. 580. To hold otherwise would be to overrule the case of Bank v. McClellen, supra, recently decided by us.

The learned judge who tried this case below found that there was no proof of the value of the real estate con-

veyed, and the evidence before us sustains such finding, but it seems to us that this is a very material issue in this case, and one which must be ascertained before a proper judgment can be entered, as the determination of this question will largely decide whether or not the conveyance of the property in question was a legal fraud or otherwise. It is the duty of the appellees in this case to show that the conveyances were made for a valuable and adequate consideration out of her separate estate. Bank v. McClellan, 9 N. M. 643; or to repay her for money and property which she inherited and which was used by her husband.

The judgment of the lower court will be reversed, and the cause remanded for a new trial, with directions to the lower court to dismiss the complaint as to all the complainants except Noa Ilfeld and Louis Ilfeld, partners doing business under the firm name of Ilfeld Brothers; and on the new trial of the cause to require more specific evidence, if such can be produced, of the amount due Ramona L. de Baca, by her husband, at the time the conveyances were made to her; and also to ascertain the value of the property conveyed to her by her husband, at the time such conveyances were made in 1892; and if there is a gross disproportion between the value of the property and the sum due Ramona L. de Baca, by her deceased husband, then the deeds shall be set aside, and the property subjected to the payment, pro rata, of the debts due to Noa Ilfeld and Louis Ilfeld, partners doing business under the firm name of Ilfeld Brothers, as well as the other debts due by the estate of Roman A. Baca, deceased, which have been allowed by the probate court of Valencia county, against said estate, after first paying from the proceeds of any sale to the said Ramona L. de Baca the sum which may be found to be due to her from her deceased husband; and, it is so ordered.

Frank W. Parker, A. J., John R. McFie, A. J., Edward A. Mann, A. J., Wm. H. Pope, A. J., concur