Ilfeld v. Baca.

[No. 1028, February 27, 1907.]

NOA ILFELD, ET AL., Appellants v. RAMONA L. DE BACA, ET AL., Appellees.

### SYLLABUS.

1. Where, at the time certain property was conveyed by a husband to his wife in consideration of a bona fide indebtedness, the value of the property did not exceed the amount of the indebtedness, nor the consideration expressed in the deeds, it was immaterial to the validity thereof, as against the husband's creditors, that the property shortly thereafter greatly increased in value by reason of subsequently discovered coal deposits, etc.

2. Where, in a suit to set aside certain alleged fraudulent conveyances from husband to wife for stated considerations of $1,000 and $1,500, respectively, it was not claimed that such sums were inadequate, the court was entitled to presume that such amounts represented the value of the interests conveyed at the time.

3. Where a husband acquired certain property belonging to his wife, the value of which he promised to repay her, and thereafter conveyed to her certain land for an express consideration of $2,500, it would be presumed, in the absence of proof to the contrary, that the value of the property of the husband so received, with interest to the date of the conveyances, amounted to the consideration for the deeds.

Appeal from the District Court for Bernalillo County, before BENJAMIN H. BAKER, Associate Justice. Affirmed.

McMILLAN & RAYNOLDS, for Appellants.

Burden is on wife to show that a valuable and adequate consideration out of her seperate estate actually passed from her to her husband for land conveyed to her by him, where pre-existing creditor brings action to impeach conveyance for fraud. Bump on Fraudulent Conv., 4th Ed., Secs. 49, 50, 57, 63, 66, 249, 265, 288 and cases cited; First National Bank v. McClellan, 58 Pac. (N. M.) 349 and cases cited; Seitz v. Mitchell, 94 U. S. 580; Horton v. Dewey, 53 Wis. 413, 10 N. W. Rep. 599; Hoffman v. Nolte, 127 Mo. 120, 29 S. W. 1006; Peeler v. Peeler, 109 N. C.

Ilfeld v. Baca.

631, 14 S. E. Rep. 59; Gable v. Columbia Cigar Co., 140 Ind. 563-569, 30 N. E. R. 474; Stevens v. Carson, 38 Neb. 544, 550, 46 N. W. Rep. 655; Thompson v. Loenig, 13 Neb. 386, 14 N. W. Rep. 168; Seasongood v. Ware, 104 Ala. 212, 16 So. Rep. 51; Kelley v. Connell, 110 Ala. 543, 18 So. Rep. 9; Glass v. Zutavern, 43 Neb. 334, 61 N. W. Rep. 579; Grant v. Sutton, 90 Va. 772, 19 S. E. Rep. 784; Wood v. Harrison, 41 W. Va. 376, 23 S. E. Rep. 560; Claflin v. Ambrose, 37 Fla. 78, 19 So. Rep. 628; Hutchinson v. Boltz, 35 W. Va. 754, 14 S. E. Rep. 267; Carsons v. Stevens, 40 Neb. 112, 42 A. S. R. 661; Humes v. Scriggs, 94 U. S. 28.

To allow a fraudulent grantor to prove the validity of his conveyance by his own declarations would be to open a wide door to fraud. Jones on Evidence, Secs. 236, 767-768; Bump on Fraudulent Conv. Sec. 64; U. S. v. Metts, 2 Watts (Pa.) 407; Bicknell et al v. Mellett, 35 N. E. R. (Mass.), 1130; Bennett v. Bennett, 37 W. Va. 405, 38 A. S. R. 55.

An estate previously received by the husband in the right of the wife is not a good consideration for a subsequent conveyance to her, especially where such property was received more than forty years before, and no note given or books kept, and where as in this case, the wife did not intend to treat her husband as an ordinary debtor. Luers v. Brunjes, 34 N. J. Eq. 21; Riley v. Vaughn, 116 Mo. 169; Bessen v. Eveland, 26 N. J. Eq. 471; Heimes v. Scruggs, 94 U. S. 22; Bennett v. Bennett, 37 W. Va. 396; Zinn v. Law, 32 W. Va. 448; De Farges v. Ryland, 87 Va. 404, 24 Am. St. Rep. 659; Lee v. Cole, 15 Atl. (N. J.), 536; Compiled Laws, 1897, Section 3021.

E. W. DOBSON and A. B. RENEHAN, for Appellees.

Communications to an attorney in the course of his employment as a scrivener to draw a deed are not privileged. Hebbard v. Haughin, 70 N. Y. 54; Calwell v. Davis, 10 Colo. 481; Brazee v. Fair, 26 S. Car. 370; Mutual Life Ins. Co. v. Cory, 54 Hun. (N. Y.) 493; Sheldon v. Sheldon, 58 Hun. (N. Y.) 601; Todd v. Munson, 53 Conn. 579; Goltre v. Wollcott, 14 Ill. 89.

When a transfer of property is claimed to have been

made in fraud of the rights of creditors the acts and declarations of the vendor at and preceding the time when the transfer was made, are admissible in evidence for the purpose of showing his intent. LaClef v. Campbell, 45 Pac. 461; Bowersock v. Adams, 41 Pac. 971; Bank v. Beard, 42 Pac. 320; Cooke v. Cooke, 43 Md. 522; Chase v. Chase, 105 Mass. 385; McLane v. Johnson, 43 Vt. 48.

A debtor, where there is no fraud, may lawfully prefer his wife as a creditor. Dice v. Irwin, 11 N. E. Rep. 488; Lassiter v. Hoes, 31 N. Y. Supp. 850.

A bona fide indebtedness may be paid by a husband to his wife, although the statute of limitations may have run against it. Bailey v. Kansas Manufacturing Co. 3 Pac. 756; Kennedy v. Powell, 7 Pac. 606; Dice v. Irvin, 11 N. E. Rep. page 488; Barnett v. Harsbarger, 5 N. E. Rep. 718; Syracuse Chilled Plow Co. v. Wing, 85 N. Y. 421; Woodworth v. Sweet, 51 N. Y. 9; Jaycox v. Caldwell, 51 N. Y. 395-626; Vose v. Crockroft, 44 N. Y. 415-427; Lansing v. Blair, 43 N. Y. 48; Lyons v. Zimmer, 30 Fed. 401.

A conveyance executed for a valuable and adequate consideration will be upheld against the creditors of the grantor. however fraudulent his purpose may have been, if the grantee had no knowledge thereof. Medsker v. Bonebroke, 101 U. S. 66; La. Clef v. Campbell, 45 Pac. 461; Williams v. Harris, 46 Am. St. Rep. 753; Bean v. Patterson, 122 U. S. 496.

Recordation of deed is notice even to a non-resident and the statute of limitations commences to run from the date that the instrument is recorded. Hughes v. Littrell, 75 Mo. 573; Compiled Laws 1897, sections 2916, 2930, 778; Wood v. Carpenter, 101 U. S. 134; Robers v. Brown, 61 Mo. 187; Clark v. Van Loon, 79 N. W. 88; Hecht v. Slaney, 14 Pac. 88.

Courts of appellate jurisdiction will not disturb the findings of the chancelor or trial court unless clearly opposed to evidence. Metropolitan National Bank of Pittsburg v. Rogers, 53 Fed. Rep. 776; Medler v. Hotel and Opera House Company, 6 N. M. Rep. 331; Newcomb

et al v. White et al, 23 Pac. 671; Huntington v. Moore, 1 N. M. 503; Warring v. Atterbury, 39 S. W. Rep. 773; Bickell v. McAller, 53 N. W. 374.

OPINION OF THE COURT—(ON REHEARING.)

MANN, J.—Upon the former hearing of this case an opinion was rendered, which a careful re-examination convinces us was erroneous.

The court was led into these errors by a misconception of the pleadings in the case as they appear in the record before us. It is there said (Ilfeld v. De Baca, 79 Pac. 723) "The only fraud set up in the complaint is that the property described in the deeds was conveyed for an inadequate consideration." Whereas, in fact the fraud set up in the complaint was that said deeds were wholly without consideration and were made and accepted, with the intent to hinder, delay and defraud the creditors of Roman A. Baca, the grantor, and that they were shams and the result of a conspiracy upon the part of the grantor and grantee to defraud the creditors of said Roman A. Baca. Nowhere in the complaint or elsewhere in the record does it appear that the considerations of $1,500 and $1,000 respectively stated in the deeds were inadequate or that that property conveyed was, at the time of the conveyance, greater in value than the sums stated in the deeds. The complaint itself shows that one of the tracts, and apparently the most valuable one, was at the time of its conveyance to Mrs. Baca an unconfirmed grant, and consequently the interest of Baca in it was unadjudicated and uncertain as to value. The complaint does allege "That all of said real estate above described is well located and well supplied with springs and streams, and well adapted for the pasture of stock, and much of it is underlaid with valuable coal deposits, and is worth, as plaintiffs are informed and believe, from twenty-five to thirty-thousand dollars", and this statement is not denied by the answer, but it is evident that the pleader referred to the time of the drawing of the bill, which was eight years after the conveyances are made and which cannot be taken to refer to the value at that time. The fact that the then uncertain in-

terest of Roman A. Baca had since ripened into a title of itself would make a vast difference in the value of what he conveyed and the alleged discoveries of coal deposits may, for all that appears in the complaint, have been made after the deeds to Mrs. Baca were executed.

The Trial Court found that there was no actual fraud and that the deeds were for an adequate and valuable consideration. True, the finding of the Trial Court also contains the statement that no evidence of the value of the property at the time of the conveyances was introduced, but this does not necessarily conflict with the finding that the consideration for the deeds was valuable and adequate.

These deeds were introduced in evidence as shown by findings Nos. 3 and 4 asked by plaintiff, and showed a stated consideration of $1,500 and $1,000, it was not claimed that these sums were inadequate and in the absence of such a claim the court had a right to assume that they were in fact the value of the interests conveyed at that time.

There was no attempt to dispute the statements of Mrs. Baca as to the fact that her husband had used six or seven hundred dollars of her money, and had received horses, cattle and mules of her separate property, facts in which she was corroborated by her son and Francisco Chaves, nor his recognition of the debt and his promises to pay her in which she is also corroborated by the two witnesses named. The Trial Court was justified in finding from this evidence that the sums and the value of the live stock which he received, with interest from the dates of his receiving the same, aggregated a sufficient amount to cover $2,500, the consideration named in the deeds, and such finding should not be disturbed.

We know of no rule that would require the appellant to plead or prove that the considerations named in these deeds were in fact adequate, where the deeds have been of record for years and no question as to the adequacy of the consideration has been raised.

The burden of sustaining the exception to this ruling of the court is upon the objecting party. Medsker v. Bonebrake, 108 U. S. 209.

The case just cited is very similar to the case at bar,

being a suit in equity to set aside an alleged fraudulent conveyance from Medsker to his wife. The master to whom the case was referred found that the consideration was adequate and the court says his findings were "prima facie" correct. Proceeding, the court says: "Much testimony is taken to prove that the price was so inadequate as to show fraud, though no such charge is shown in the bill. The fair result of all the testimony on this point is that the land was worth about $8,000, *the sum recited in the conveyance,* and if interest be computed on the $5,700 from the periods at which the various sums were received, it will amount to the full value of the land, if not more, *at the time the deeds were made.*

In the case at bar no evidence is shown in the record except that of Mrs. Baca and her two corroborating witnesses and none of them were asked as to the value of the land at the time the deeds were made, though all these were cross examined, rigorously by appellees' counsel. No claim in this bill is made that there was an inadequacy of consideration and none appears in the evidence.

We adhere to the rule announced in Bank v. McClellan, 9 N. M. 643, but it does not apply here, for certainly the burden of proving something that is not questioned and upon which she cannot anticipate that her adversary will rely, cannot be cast upon the wife.

In Hinchman v. Parlin & Orendorf Co., 74 Fed. 698, the court in a case in many respects similar to the case at bar, says, "We are of the opinion that the court erred in giving the general charge to the jury to find for the plaintiff. The deeds from Acanthus Hinchman to his wife, which were offered in evidence, are not manifestly fraudulent. *Each, taken on its face, shows a good, a valuable and an adequate consideration,* and each is effective to convey the estate it purports to convey if its language speaks the truth as to its consideration and purpose. The inference of fact to be drawn from the time, when each was made, and from other proof touching the condition of the grantor's business, whatever may be its force, is certainly within the province of the jury to determine. While such transactions between husband and wife will be scrutinized

closely and will not be permitted to cloak a fraudulent purpose, the good faith preference, of a wife's claim over the liability to other creditors by even a failing debtor will not raise a presumption of fraud.

"It seems to be established by the proof that about ten years before the conveyances were made the claimant had a separate estate of about the value of $27,000. It appears that her husband exchanged her property for land, the title to which he took in his own name. That nearly two years after this transaction he caused this property, then incumbered to the extent of $10,000, to be transferred to his wife. *It does not appear what the value of the property was at the time of this last transfer.* It is proved that the consideration recited was nominal. *It does not appear that* it is now worth more than $10,000 free from incumbrance. Upon the whole record it appears to us that a reasonable mind might conclude that the husband had not, before the 5th of September 1888, fully repaid his wife, or restored to her separate estate the value of the Spring Hill property, which he had at one time converted to his own use."

The above quotation seems peculiarly applicable to the case at bar and the opinion certainly is authority for the converse proposition that had the court or jury so found the finding would have been sustained.

It is also held in the former opinion, Ilfeld v. De Baca, *supra,* that a wife has a tacit lien upon the property of her husband for the amount of her separate property, which was used by her husband, following an early decision of this court. (Chaves v. McKnight, 1 N. M. 153.)

Under the view now taken by us it is unnecessary to decide that phase of the case and we do not, therefore, decide as to that point.

For the reasons given the decree of the lower court will be affirmed.