BLANCO v. HUBBARD, UNITED STATES MAR-
SHAL FOR PORTO RICO.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR PORTO RICO.

No. 111.  Argued March 17, 1911.—Decided April 3, 1911.

A demurrer in this case having been sustained, and the bill which
sought to enjoin the defendant sheriff from selling under execution
issued in *Perez* v. *Fernandez, ante,* p. 224, dismissed, on the same
grounds on which the same court refused to allow defendants in that
suit, who were grantors of the plaintiffs in this suit, to come in and
defend, and this court having reversed the judgment in *Perez* v.
*Fernandez,* and it appearing that the two cases were so inseparably
united in the mind of the court below that the error in the one con-
trolled its action in the other, *held* that the judgment in this case be
also reversed.

THE facts are stated in the opinion.

*Mr. Frederic D. McKenney,* with whom *Mr. John
Spalding Flannery, Mr. William Hitz* and *Mr. T. D.
Mott, Jr.,* were on the brief, for appellants.

*Mr. N. B. K. Pettingill* and *Mr. F. L. Cornwell* for ap-
pellee submitted.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

This record involves the bill filed by Perfecta Blanco in
the lower court to enjoin the sale of the property under
execution in the case of Perez and Fernandez. It con-
cerns, therefore, the proceedings in the equity cause and
the right to reopen the decree entered in the same, which
we have just disposed of. As stated in that case, the ap-
plication for injunction *pendente lite* in this case was con-
sidered by the court along with the request to be allowed

to appear and defend in·the equity cause made by Perez and Ochoa. When the court temporarily stayed the execution of the judgment a suggestion was made to counsel by the court that in this case a demurrer be filed to the bill pending the·delay which must transpire in considering the subject of the right to enjoin along with or in connection with the right of Perez and Ochoa to appear and defend. ·When it was concluded that the two latter persons had no such right and the right to an injunction *pendente lite* in this case was refused, the reasons which· controlled the court in refusing to reopen and allow a defense in the equity cause were filed as· its reasons for sustaining the demurrer and finally dismissing the bill in this case. As those reasons, however, did not at all concern themselves with the grounds of demurrer separately stated, but solely related to the right to stay by the process of injunction the execution, of the unsatisfied judgment and the enforcement of the equity decree, we think it plainly results that the decree rendered in this case. must be reversed, because the two cases in the mind of the court were so inseparably united that the error which led the court below to refuse in the other case the right to reopen the cause controlled its action in this.

*The decree is, therefore, reversed and the cause remanded for further proceedings not inconsistent with this opinion.*