[No. 2933. Aug. 2, 1926.]

DALLAM COUNTY BANK v. BURNSIDE.

[249 Pac. 109.]

SYLLABUS BY THE COURT

1 When under sections 4098, 4099, and section 4647, Code of 1915, summons is personally served on an absent defendant out of the state, such service does not become complete until the expiration of the time prescribed in the statute for publication, and the defendant served out of the state has the period required for publication and 20 days in which to answer, and a default judgment entered against him during said time is irregular and voidable and should be set aside where motion thereto is seasonably made.

---

[1] 34CJ p. 180 n. 82, 84; p. 181 n. 98.　　[2] 34CJ p. 430 n. 91.

2   A motion to set aside a default judgment after one year from the rendition of such judgment has elapsed on the ground that the judgment was prematurely entered, should be denied as being filed too late, the judgment being irregular and voidable and not void.

Appeal from District Court, Union County; Leib, Judge.

Suit by Dallam County Bank against Martha Burnside. From a judgment overruling a motion to vacate a former judgment, a foreclosure decree, and a sale thereunder, defendant appeals. Affirmed.

T. A. Whelan, of Clayton, for appellant.

O. P. Easterwood, of Clayton, for appellee.

### OPINION OF THE COURT

BICKLEY, J. [1] This is a suit in equity commenced by appellee against appellant to recover judgment of foreclosure on a promissory note secured by a mortgage on land. At the time of the commencement of the suit and the issuance of service of summons appellant was residing in Colorado and summons was served on appellant on the 20th day of March, 1922, in that state. A certificate of nonappearance shows that no appearance was entered by the defendant (appellant). On April 24th court rendered a foreclosure of the mortgage lien. On October 18, 1922, the mortgaged land was sold pursuant to said decree and the sale confirmed by the court on the 24th of October, 1922. On July 9, 1923, appellant filed a motion in the court rendering the judgment praying that the judgment and foreclosure decree and the sale thereunder be vacated and set aside on the grounds that the court had no jurisdiction to render said judgment and decree for the reason that said decree was void because the defendant was served with process in the state of Colorado, and that said judgment and decree were rendered before the expiration of the time in which the defendant was required to answer under the provisions of sections 4098, 4099, and 4647 of the New Mexico

Statutes, Ann. Codification 1915. The motion was overruled, and, from the judgment overruling said motion, appellant appealed.

The appellant declares in her brief:

"The vital and only question involved in this case is, Did the court have jurisdiction to award a personal judgment against the appellant and in favor of the appellee, and to foreclose the mortgage lien against the property involved in this suit and order the sale of same?"

We do not understand from the record that appellee claims to have a personal judgment against appellant. The complaint is designated, "Foreclosure Complaint," the decree is entitled "Foreclosure Decree," and the order overruling the motion to set aside judgment declares that:

"The motion set aside the foreclosure judgment and decree, the report of sale, and order confirming sale in said cause, be, and the same hereby is, denied and overruled."

The question for our consideration is the particular ruling of the court which does not embrace any reference to a personal judgment. It may be observed in passing, however, that ever since Peenoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, it has been considered as settled that process out of the state and process published within it are equally unavailing in proceedings to establish personal liability.

Sections 4098, 4099, and a portion of section 4647 are as follows:

"Sec. 4098. Personal service of a copy of the summons and complaint out of the state shall be equivalent to publication and deposit in the postoffice. In either case the service of the summons shall be deemed complete at the expiration of the time prescribed for publication.

"Sec. 4099. When personal service of a copy of the summons and complaint is made out of the state, or service by publication is made as provided by law, the defendant is required to appear within twenty days after the completion thereof, in the same manner and under the same penalties as if he had been personally served with a summons within the county in which the suit is pending."

"Sec. 4647. All legal notices in connection with suits in district courts, including notices of sales of property

by virtue of any execution, decree or other process issued
out of such courts, and as to matters pending in probate
courts, which are required by law to be published, shall be
published in the English language in some newspaper of
general circulation published in the county wherein such
publication is required once each week for four successive
weeks. If such publication shall be notice of the pendency
of a suit, in a district court, the last insertion shall be at
least twenty days before the date on or before which the
defendant is notified to appear."

A careful examination of these statutes convinces
us that the Legislature intended that the service, when
made personally out of the state, should not be re-
garded as complete until the expiration of the time
prescribed for the publication. The statute required
publication once each week for four successive weeks.
This would require at least 22 days. The last insertion
of the publication would be the date from which to
compute the 20 days within which the defendant should
be notified to appear. The qualifying words, "in either
case," in section 4098 relate to both of the modes of
serving the summons upon the absent defendant pro-
vided for in said statute—i. e., in case of publication
of the summons and in case of personal service out
of the state. In the first case, the service becomes
complete at the expiration of the time prescribed in
the statute for publication, and in the last case it be-
comes complete at the expiration of such time, com-
puting from the date of making the personal service
out of the state. In the case at bar the personal serv-
ice was made out of the state on the 20th of March,
1922. The service, under the statute, could at best
not be complete until the expiration of 22 days from
March 20th. In other words, it required the lapse of
time—22 days and maybe longer—to complete the
service. The defendant had 20 days from the time
the service became complete in which to answer. At
best the service could not have become complete until
the 11th of April. From April 11th to April 27th, the
date of the entry of the decree, is less than 20 days.
Hence we are bound to hold that the default judgment
rendered against the defendant was prematurely ren-
dered and entered. The courts of last resort of other

states having statutes similar to ours have given same
a like construction.  See Bowen v. Harper, 6 Idaho, 654,
59 P. 179 ; Grewell v. Henderson, 5 Cal. 465 ; Brooklyn
Trust Co. v. Bulmer, 49 N. Y. 84 ; Market Nat. Bank
of New York v. Pacific Nat. Bank of New York, 89
N. Y. 397.

[**2**]  We are next required to consider the status
of a judgment or decree prematurely rendered.  Appel-
lant contends that the judgment and decree is void,
the appellee contending that it was merely irregular
or voidable and that the appellant, having presented
his motion more than a year after the rendition of the
decree, is too late with his motion.  In Upjohn Co. v.
County Com'rs, 25 N. M. 526, 185 P 279, we said that
the void judgment may be set aside at any time by the
court rendering it.  It becomes necessary, therefore, to
determine whether the judgment and decree in this
case was void or merely irregular and voidable.  Appel-
lant says in her brief :

> "There is no contention by us that the service of process
> was irregular in any respect, and for this reason the
> action of the trial court could not be questioned as an
> irregularity, which would have to be done within one year."

It is not claimed that the service was defective, but
that the judgment was rendered prematurely.  In Cal-
ifornia Casket Co. v. McGinn, 10 Cal. App. 5, 100 P.
1077, in a case wherein the facts were similar, the court
decided that a default judgment rendered under such
circumstances is not void for want of jurisdiction
though prematurely entered.

> "It is no doubt true, as a general proposition, that a
> court will vacate or set aside a judgment void on its face,
> or one rendered without jurisdiction over the person or
> subject-matter upon motion, and this without an affidavit
> of merits.  The judgment, being void, is regarded by the
> courts as waste paper, and something which they will
> set aside on motion at any time; but in this case the court
> had jurisdiction both of the subject-matter and of the de-
> fendants.  It is not questioned that the court had jurisdic-
> tion of the subject-matter.  It is admitted that prior to the
> entry of judgment defendants were personally served with
> summons.  The service of this summons gave the court
> jurisdiction of the defendants.  Code Civ. Proc. § 416.  The

court then having jurisdiction of the defendants, the entry of the judgment, being premature, was irregular, but not without jurisdiction. It is said in Freeman on Judgments: 'When the entry is premature, the defendant not yet being in default, there are authorities which speak of the judgment as being void, but they are doubtless inaccurate in expression, and probably not intended to assert anything except that the court, proceeding prematurely, will, if applied to within a reasonable time, set aside the judgment and give defendant the hearing to which he was entitled.' The entry of the judment in this case was at most an irregularity; and no doubt, if defendants had moved promptly or within reasonable time, and filed the proper affidavit of merits, the court would have been authorized to give them relief, provided it found that the service was made on November 1, 1906, and not on October 31st. Instead of pursuing this course, the defendants waited an unreasonable time, during which time the plaintiff had incurred expense, and then did not even suggest that they had any meritorious defense or defense of any kind, but asked the court to set aside a judgment regular on its face for a mere irregularity."

A later edition of Freeman on Judgments cites this case with many others. We have examined the cases cited by Mr. Freeman, and we are satisfied with the analysis he has made thereof.

In Batchoff v. Butte Pacific Copper Co., 60 Mont. 179, 198 P. 132, the court on rehearing said:

"While under the facts stated in the opinion it was error to prematurely enter the judgment, yet such entry was not without jurisdiction, but was error with'n jurisdiction. It was voidable but not void. [Citing authorities]."

In Burns v. Pittsburg Mortgage Inv. Co., 105 Okl. 150, 231 P. 887, wherein it was complained that the judgment was rendered prematurely, the Oklahoma Supreme Court said:

"In Southwestern Surety Co. v. Dietrich, 68 Okl. 114, 172 P. 51, it is said: 'It is a well-established rule that a judgment rendered upon service of summons made for a time less than that required or before the day named in the summons by which defendant is required to answer is not void but irregular, and unless attacked in a manner provided by law will be upheld. Freeman on Judgments, § 135; Black on Judgments, § 85; White v. Crow, etc., et al., 110 U. S. 183, 4 S. Ct. 71, 28 L. Ed. 113; Nelson v. Becker, 14 Kan. 509; Foster v. Markland, Dodge and Moore, 37 Kan. 32, 14 P. 452.' ",

In Weaver v. Weaver, 16 N. M. 98, 113 P. 599, we held that a district court is without jurisdiction to set aside or vacate a judgment rendered by it which, although voidable, is not void, after one year from the rendition of such judgment has elapsed.

We conclude that the decree in this case was irregular and not void, and, the appellant not having moved to set aside the same within one year after the rendition thereof, the court was not in error in denying appellant's motion. Finding no error in the record, the order of the lower court overruling appellant's motion to set aside the judgment is affirmed, and it is so ordered.

PARKER, C. J., and WATSON, J., concur.