[No. 3390.   June 19, 1930.]

FIELD v. OTERO et al.

[290 Pac. 1015.]

Hanna & Wilson, of Albuquerque, for appellants.

Joseph Gill, of Albuquerque, for appellee.

OPINION OF THE COURT

PARKER, J.

Plaintiff, appellee, brought a suit in equity in Sandoval county against defendants, appellants, seeking to enforce a judgment lien upon the property of appellants, resulting in a decree against appellants. Appellee's suit was founded upon a judgment previously obtained by him in said county upon a cross-complaint filed by him against appellant, Alfredo J. Otero, in a suit in which he and said appellant were defendants. The cross-complaint was served on appellant, Alfredo J. Otero, on October 30, 1924. On November 19, 1924, judgment by default and final judgment were rendered on said cross-complaint in favor of

appellee against appellant, Alfredo J. Otero. It thus appears that said judgment was prematurely rendered, the defendant therein still having at least all of November 19, 1924, within which to appear and answer the cross-complaint. Appellants alleged in their answer to the complaint herein, by way of new matter, that they were married on November 8, 1923, and have ever since been and still are husband and wife. They further alleged that about the year 1897 appellant, Alfredo J. Otero, was indebted to his said wife on account of money advanced to him by her out of her separate estate in a sum exceeding $12,000, only a small portion of which had ever been repaid to her; and that at the time of the purchase of the property involved in this controversy she advanced to her said husband $1,000 out of the purchase price of $1,500 of the said property, no part of which had ever been repaid to her; and that the deed of June 1, 1927, by said appellant Alfredo J. Otero to his wife, and which appellee is seeking to set aside as a cloud upon the title to the property preventing the satisfaction of his judgment lien, was based upon the consideration of said advancements to him so previously made and which were in excess of the value of the property conveyed. Appellants further alleged that Mrs. Otero had a tacit lien on the property of her husband for her said advancements, and prayed that the judgment upon which the suit of appellee is founded be declared premature and void, and that appellant Candelaria Otero be adjudged to have a tacit lien upon the property so conveyed to her on June 1, 1927, superior to the lien of appellee, if any, by reason of his said judgment, and that said conveyance be adjudged as payment and in satisfaction of said superior lien.

A demurrer was interposed to this answer by appellee and was sustained and, appellants refusing to plead further, a final decree was entered sustaining appellee's judgment lien as valid and superior to any lien or claim of said Candelaria Otero, and ordering the land sold to satisfy appellee's judgment lien by a special master. Appellants have appealed from this decree.

Counsel for appellants argue that the judgment, the lien whereof appellee was seeking to enforce as a valid

and prior lien upon the property of the appellants, being premature, was void, and cite Lohman v. Cox, 9 N. M. 503, 56 P. 286; Pickering v. Palmer, 18 N. M. 473, 138 P. 198, 50 L. R. A. (N. S.) 1055; Smith v. Montoya, 3 N. M. 13, 1 P. 175. These cases clearly and unequivocally sustain the contention of appellants. At the time of the rendition of the judgment in favor of appellee on November 19, 1924, both the territorial Supreme Court and this court had held that such a judgment rendered prematurely was void and there had been no holding to the contrary. On August 2, 1926, this court, however, held in Dallam County Bank v. Burnside, 31 N. M. 537, 249 P. 109, that such a judgment rendered prematurely was not void but simply voidable and irregular, subject to the power of the court to set the same aside at any time within one year upon application of the aggrieved party.

We thus have two opposing doctrines in regard to the validity of the premature judgment rendered after service of process but before the return day of the same, one that the judgment is void, the other that it is merely erroneous and voidable at the instance of the aggrieved party. In Dallam County Bank v. Burnside, supra, no reference is made to the earlier cases, and we assume they were not called to our attention. It nevertheless is now necessary for us to definitely settle the matter and to declare the settled doctrine of this court on this subject.

In the first place there is something apparently out of place and shocking in taking the judgment of the court before the return day of the process, up to which time the defendant may appear and answer the complaint. He has no reason to suppose that the same will be done, and, if the same can be done, a judgment might as well be taken by the plaintiff the next day after the process is served as to wait the twenty days for the defendant's appearance and answer. On the other hand, if the court has jurisdiction of the parties and subject-matter and commits an error, the remedy is not to ignore the court's action, but it is to correct the error either by application to the court itself, or by appeal to the court of review. An error of this kind is no more of a wrong to the party, in a legal

sense, than any other error of the trial court, and must be treated the same. And in this case, upon the filing of the cross-complaint, the district court acquired jurisdiction of the subject-matter, and upon the personal service of the process it acquired jurisdiction of the person of the defendant. It is true that the court was in error in awarding judgment while the defendant might still have appeared and answered, but it was, nevertheless, an error within jurisdiction, subject to correction as above indicated. Upon this subject, in addition to Dallam County Bank v. Burnside, 31 N. M. 537, 249 P. 109, supra, see 34 C. J., Judgments, § 192, and cases collected in note 50, all of which we have examined. See, also, 34 C. J., Judgments, § 395, note 82, collecting cases of premature default judgment, in which it is stated that they are not void but merely irregular and voidable. See, also, 15 R. C. L., Judgments, § 341, to the effect that the rendition of the judgment before the time for filing answer has expired is a mere irregularity which will not render it void, but only voidable. See, also, White v. Crow, 110 U. S. 183, 4 S. Ct. 71, 28 L. Ed. 113; Ex parte Howard-Harrison Iron Co., 119 Ala. 484, 24 So. 516, 72 Am. St. Rep. 928; Ballinger v. Tarbell, 16 Iowa, 491, 85 Am. Dec. 527; Mitchell v. Aten, 37 Kan. 33, 14 P. 497, 1 Am. St. Rep. 231; Altman v. School District, 35 Or. 85, 56 P. 291, 76 Am. St. Rep. 468; also notes in 61 Am. St. Rep. 488 and 11 L. R. A. 159; 3 Freeman on Judgments (5th Ed.) § 1289; 1 Black on Judgments (2d Ed.) §§ 223, 226.

It is apparent that the weight of authority is in accordance with our case of Dallam County Bank v. Burnside, supra, and our previous cases heretofore mentioned must yield to the better and sounder doctrine of that case. Appellant Alfredo J. Otero was given by statute a remedy against the said judgment, of which he did not see fit to avail himself. Thus, by section 105—843, Comp. 1929, he might have applied to the district court to set the said judgment aside, and the district judge upon the filing of such motion at any time within sixty days of the date of such judgment might for good cause shown have set the same aside. And, perhaps, under the provisions of section 105—846, Comp. 1929, he might have applied to the dis-

trict court at any time within one year after the rendition of said judgment to set the same aside for irregularity. He took no step in this regard and simply ignored the action of the court from November 19, 1924, when the judgment was rendered against him, down to the time he filed a demurrer to the complaint in this case on October 12, 1927, in which he raised the proposition that the judgment, being premature, was void.

In view of the condition of the law and the weight of authority, we must hold that this judgment was not void, but was simply erroneous and voidable, and the former cases by the territorial Supreme Court and this court, in so far as they conflict with this doctrine, are hereby overruled.

Counsel for appellants urge that the wife, Candelaria Otero, has a tacit lien upon the community property on which appellee claims his judgment lien, prior and superior to that of appellee. This lien is claimed by reason of the provisions of the civil law of Spain and Mexico, which was in force in New Mexico at the time it was acquired by the Treaty of Guadalupe Hidalgo in 1848 (9 Stat. Large, pp. 929, 930; Code 1915, p. 21; Comp. 1929, p. 63). This law has been recognized by the territorial court, and counsel for appellants cite and rely upon Chavez v. McKnight, 1 N. M. 148; Ilfeld v. Baca, 13 N. M. 32, 79 P. 723; and Id., 14 N. M. 71, 89 P. 244; Reade v. Lea, 14 N. M. 442, 95 P. 131. In Beals v. Ares, 25 N. M. 459, 185 P. 780, however, this court undertook to and did make a complete survey of the whole subject and determined that the civil law of Spain and Mexico had been abrogated in this jurisdiction by the act of the Legislature of 1876 (Code 1915, § 1354, Comp. 1929, § 34—101).

This statute was first considered in Browning v. Estate of Browning, 3 N. M. 659, 9 P. 677, 684. The statute as originally enacted on January 7, 1876 (chapter 2, § 2), is in the following language:

"In all courts of this territory, the common law, as recognized in the United States of America, shall be the rule of practice and decision."

In the Browning Case, supra, the territorial court held that this statute brought into this jurisdiction the English statute of limitations of six years on promissory notes, abrogating the Mexican law of prescription of ten years in such cases. Speaking generally of the effect of this statute, the court said:

"We are therefore of opinion that the legislature intended, by the language used in that section, to adopt the common law, or lex non scripta, and such British statutes of a general nature, not local to that kingdom, nor in conflict with the constitution or laws of the United States, nor of this territory, which are applicable to our condition and circumstances, and which were in force at the time of our separation from the mother country. The statute of limitations (21 Jac. I.) falls within this category, and became the law of limitations here in 1876, abrogating the Mexican law of prescription."

This Browning Case and all subsequent cases are collected in Beals v. Ares, 25 N. M. at page 484, 185 P. 780, and need not be inserted here. We understand this case of Beals v. Ares to hold that the enactment of the statute of 1876 repealed or abolished the civil law of Mexico theretofore in force by inheritance from Mexico, and as promulgated by General Kearney in his Code of 1846, and rendered the same thereafter nugatory as a system of law, there remaining only such features thereof as had been or were afterwards enacted into statute. With this conclusion we fully agree. Nevertheless, as is pointed out in the case of Beals v. Ares, after the passage of the act of 1876, the territorial court, in three cases, held that the civil law of Mexico was still in force here. See Barnett v. Barnett, 9 N. M. 205, 50 P. 337; Strong v. Eakin, 11 N. M. 107, 66 P. 539; Reade v. Lea, 14 N. M. 442, 95 P. 131, (reversed by Supreme Court United States, Arnett v. Reade, 220 U. S. 311, 31 S. Ct. 425, 55 L. Ed. 447, 36 L. R. A. [N. S.] 1040). These cases proceed upon the theory that, no specific statute on the subject intervening, the Mexican civil law still prevails upon the subject of the rights of married women. In this they were incorrect. We now hold that the civil law as a system of laws was abrogated by the act of 1876, and that thereafter nothing thereof remains except such portions as have been embodied into statutes. This being so, the wife in this case has no tacit lien upon the community property

for advances made by her to her husband from her separate estate. She is his creditor the same as any other person, and, in order to have the superior lien, she must take the same steps as others to secure the same.

Other questions are presented in the briefs of counsel for appellants, but, in view of our conclusions above stated, they need not be considered.

It follows from all of the foregoing that the decree of the district court is correct and should be affirmed, and that the cause should be remanded, with directions to carry such decree into effect, and, it is so ordered.

WATSON and CATRON, JJ., concur.

·BICKLEY, C. J., and SIMMS, J., did not participate.