276 P.2d 913

ADAMS & McGAHEY v. Clyde B. NEILL.

No. 5722.

Supreme Court of New Mexico.

Nov. 26, 1954.

V. A. Doggett, Raton, for appellant.

Adolf J. Krehbiel and Charles D. Alsup, Clayton, for appellee.

Geo. L. Reese, Jr., Carlsbad, New Mexico, Robert W. Botts, Albuquerque, New Mexico, amici curiae for appellee.

## PER CURIAM.

Briefs having been filed by the parties and by amici curiae on motion for rehearing, the opinion heretofore filed in this cause is withdrawn and the following substituted therefor.

## SEYMOUR, Justice.

In the trial court defendant filed his answer to plaintiff's complaint, the answer containing denials of essential allegations of the complaint; further set forth in defendant's answer were two affirmative defenses and three counterclaims. Plaintiff moved to dismiss the first and second counterclaims. After hearing, the motions were sustained and defendant was "granted 30 days within which to further plead in response to plaintiff's complaint." Subsequently, at the conclusion of the 30-day period, counsel for opposing parties stipulated that "defendant may have an additional 15 days, if necessary, within which to file amended answer, defenses and counterclaims in this said cause." The date of this stipulation was February 15, 1952. On April 3, 1952, the clerk of said court executed a certificate of default against defendant which was filed in this cause. April 21, 1952 the district court found as a fact that defendant was in default and

entered judgment against him. In due course, notice of foreclosure sale was published and sale made by special master of the property involved, said sale being confirmed by the court July 16, 1952.

January 9, 1953, defendant moved "to set aside and vacate * * * judgment * * * because of irregularity," giving as one of several grounds for this motion the following:

"That at no time has the Answer proper of defendant Clyde B. Neill, nor the Third Counterclaim of said defendant, been called up for hearing, nor notice of any hearing whatever given to defendant or his attorney at or before the time before default judgment was rendered, or at all, nor has said defendant had his day in Court with reference to those matters."

The defendant excepted to the court's adverse ruling on the motion upon the grounds that the issues framed by the answer proper and the third counterclaim of defendant were never heard or called for hearing and no notice given to defendant or his attorney prior to default judgment, for which reasons the defendant had been deprived of his day in court.

Appellant's (defendant below) Point I asserts that "Defendant was not in default when judgment was rendered against him." Appellee strenuously argues that the stipulation of counsel for a 15-day extension

in which defendant might plead further was an election by defendant and constituted an abandonment of his entire answer, thus rendering him subject to a judgment by default in the absence of the filing of a further pleading.

We find no merit in appellee's contention in this regard under the particular circumstances before us. The denial by defendant in his answer to essential allegations of plaintiff's complaint, defendant's two affirmative defenses and defendant's third counterclaim placed numerous matters in issue at the time of the original filing of that pleading. Plaintiff's motion addressed to such pleading confined its attack to the first and second counterclaims. These two counterclaims were found insufficient by the trial court. While there are circumstances under which a pleading may be abandoned by the litigant who files it, we can find no such abandonment here in the formal and customary language used by the court in its order and by the attorneys in their stipulation with regard to the defendant's privilege of pleading further. Bissetti v. Roberts, 1919, 25 N.M. 365, 183 P. 403.

The determination of the first point in favor of appellant, that is, that he was not in default in the trial court at the time default judgment was rendered against him, does not dispose of this case; it could do so only if a default judgment against a de-

fendant, when such defendant is not in fact in default, be deemed void. This is not the case. In Dallam County Bank v. Burnside, 1926, 31 N.M. 537, 249 P. 109, Justice Bickley directly considered the status of a default judgment prematurely rendered; the circumstances were sufficiently similar to those of the instant case to make that decision controlling here; his conclusion was that such judgment (jurisdiction of the subject matter and of the persons having been acquired) was merely irregular and voidable, not void for want of jurisdiction. To the same effect, see Field v. Otero, 1930, 35 N.M. 68, 290 P. 1015; and McDonald v. Padilla, 1948, 53 N.M. 116, 202 P.2d 970.

We are faced then with a premature default judgment, which is irregular and voidable if properly attacked, and the further problem raised by § 19–101(55) (b), N.M.S.A.1941, derived from Rule 55(b) (2) of the Federal Rules of Civil Procedure, 28 U.S.C.A., providing as follows:

"Judgment. Judgment by default may be entered as follows: In all cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, or other such representative who has appeared therein. *If the party against whom judgment by default is sought has appeared in the action, he* (or, if appearing by representative, his representative) *shall be served with written notice of the application for judgment at least three days prior to the hearing on such application;* * * *."* (Emphasis ours.)

Plaintiff failed to give defendant the three-day notice required under the foregoing rule. One ground of appellant's motion to vacate in the trial court was this failure. Under Point II of appellant's brief, appellant asserts in substance that the trial court erred in refusing to vacate the judgment under § 19–101(60) (b), N.M.S.A. 1941, reading in part as follows:

"Mistakes — Inadvertence — Excusable Neglect—Newly Discovered Evidence—Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judg-

ment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"

■ Apparently it is admitted by both parties in their presentation of the question to this Court that the action of the trial court, under Rule 60(b) of our Rules of Civil Procedure quoted above, is discretionary. We believe this to be true and, in any event, Rule 61 of the Rules of Civil Procedure necessarily confers such discretion upon the trial court in its application to Rule 60.

The exact meaning of the federal rules is being evolved currently from the decisions of the federal courts and of state courts in areas in which the federal rules have been adopted. The cases indicate that under certain circumstances, the failure to give the three day notice prior to taking a default judgment constitutes a failure of due process, thus rendering the judgment a nullity. Ken-Mar Airpark, Inc. v. Toth Aircraft & Accessories Co., D.C., 1952, 12 F.R.D. 399; Loranger v. Alban, 1952, 22 N.J.Super. 336, 92 A.2d 77; Bass v. Hoagland, 5 Cir., 1949, 172 F.2d 205; Commercial Casualty Ins. Co. v. White Line T. & S. Co., 8 Cir., 1940, 114 F.2d 946.

■ It is our view that the failure to give notice pursuant to Rule 55(b) (2), coupled with the giving of a default judgment without hearing or notice of hearing, when matters stood at issue, constitutes a violation of the due process clause of our constitution.

The action of the court has deprived appellant of any opportunity to be heard concerning substantial rights belonging to him, and has thus denied appellant his day in court.

For the foregoing reasons, it is our conclusion that the trial court's refusal to vacate its original judgment was an abuse of discretion. The trial court's order overruling appellant's motion to vacate judgment is set aside and the trial court directed to vacate the default judgment heretofore entered by it in this cause and to proceed with the disposition of said cause in accordance with the views herein expressed.

It is so ordered.

McGHEE, C. J., and LUJAN, J., concur.

SADLER and COMPTON, JJ., being absent from state, did not participate.