[No. 1051.   September 13, 1904.]

## TERRITORY of NEW MEXICO, Appellee, v. MOTE WATSON, Appellant.

### SYLLABUS.

1. It is error for the court in a criminal case to omit to instruct the jury as to the law of the case, whether requested so to do or not. Such error, however, can not be taken advantage of unless excepted to at the time the jury is instructed.

2. It is the duty of the court to instruct the jury in a criminal case as to the law of self-defense, where there is any evidence tending to establish such defense; but in order that the defendant may take advantage of such error, he must except to the failure of the court to so instruct at the time the jury is instructed.

3. The law in this Territory presumes that a loaded gun is a deadly weapon.

Appeal from the district court of Eddy county before WILLIAM J. MILLS, Chief Justice. Affirmed.

J. S. FITZHUGH for appellant.

EDWARD L. BARTLETT, Solicitor-General, for appellee.

### STATEMENT OF FACTS.

The appellant was indicted at the October term, 1903, for an assault upon one Boyd Hill with a loaded pistol, with intent to murder him, the said Boyd Hill, on the eleventh day of June, 1899. The indictment was

filed on the eighth day of October, 1903, warrant was issued and served the same day. Defendant pleaded not guilty and the trial was set for October 9, 1903. On that day the defendant made his affidavit for continuance of the case, which was overruled, and on the same day trial was had and the jury found the defendant "guilty of assault with a deadly weapon." On the twelfth of October, motion for a new trial was filed by defendant which was overruled, no exceptions taken and defendant was sentenced to two and one-half years in the penitentiary. An appeal was allowed and supersedeas granted.

OPINION OF THE COURT.

BAKER, J.—The first error complained of is that of the court in overruling defendant's motion for a new trial.

The motion for a continuance in this cause was upon the ground of absent witnesses who resided in the State of Texas at a distance of some five hundred miles from the place of trial. The facts which they would swear to, if present, as set out in the motion for the continuance were certainly very material, and such evidence ought to have been before the jury. The diligence of defendant in trying to have them in court for the trial, the likelihood of their being before the court at any future time of the same term, or at the next term are facts to be established to the satisfaction of the trial court. The continuance of a cause upon application is a matter in the discretion of the trial court and will not be interfered with unless it appears that the trial court abused such discretion. This is the universal rule and has been adhered to by this court in the case of Territory v. Padilla, 71 Pac. 1084.

Section 3145 of the Compiled Laws 1897, is applicable in criminal cases as well as in civil causes. Territory v. O'Donnell, 4 N. M. 196. The court in the last case cited quotes from Martin v. People, 13 Ill. 342, as

follows: "The only way for a party to avail himself in this court of objections to instructions in the court below is to except to the decision of the court in giving or refusing them at the time they are made," referring to instructions by the trial court to the jury; and the court cites a very long list of authorities from many of the States in support of the proposition. In fact, we say that that is the rule well established by the courts of the United States.

The question arising in this case whether or not it is necessary for the defendant to take his exception to the non-direction by the court to the jury of a material issue raised by the evidence in the case. In Territory v. Gonzales, 68 Pac. 925, this court said:

"Where counsel are of the opinion that the court's instructions do not fully cover the issues in the case, it is the duty of counsel to submit proper instructions covering omissions claimed in the trial court, and if counsel fail to do so, he is not in a position to assign error upon such grounds in this court." In 11 Ency. of Pleading and Practice, p. 217, we find the following: "If an instruction is correct as far as it goes, but is too general or is not sufficiently full or explicit or omits material issues raised in the pleadings and proof, error can not be assigned in the absence of a properly drawn request for more specific and comprehensive instructions," which is followed by a long list of authorities from almost every State in the Union. It is further said in the Encyclopaedia, supra, that the failure of the judge to charge upon any material point usually results from inadvertence, and the law casts upon the party the duty of calling the judge's attention to the matter. If he then refuses to give a properly requested instruction, such refusal is ground for error, but a party can not in a court of error avail himself of an omission which he made no effort to have supplied at the time.

In the case at bar there was evidence tending to show self-defense. There is a grave doubt in the mind

of the court whether or not such facts constituted self-defense, to the extent that it should have been submitted to the jury. But even if such evidence was of such weight, the defendant took no exception to the court's omission to give such instruction, or in any manner called the court's attention to such omission. It will be seen from the citations referred to that the defendant should have prepared and presented a proper instruction, and had the court then refused to give the same, he should have taken his exception, when he might have availed himself of the error in this court. By so doing, the court's attention would have been called to such omission and an opportunity given to have supplied it. The fact that the defendant neither called the court's attention to such omission nor took no exception thereto, was an error of which the defendant cannot now avail himself, if, indeed, the evidence in the case was such as to warrant the court in giving an instruction on the subject of self-defense.

Another assignment of error is that the court erred in failing to give in its instructions to the jury the definition of a deadly weapon. As a matter of law, a loaded gun, commonly called a revolver, is a deadly weapon. This is not only so at common law but it is so as defined by section 1383 of the Compiled Laws of New Mexico, 1897.

For the reasons given, the judgment of the lower court is affirmed.

McFie, Pope and Parker, JJ., concur.