[No. 1159.    August 28, 1907.]

MOGOLLON GOLD AND COPPER COMPANY, Plaintiff in Error, v. JOHN W. STOUT, Defendant in Error.

### SYLLABUS (BY THE COURT).

1. In a suit for damages where an injunction is also asked if the suit is primarily for the injunction, and the right to damages is merely incidental to and dependent upon plaintiff's right to the injunction, the court may, without the intervention of a jury, assess the damages already sustained; but if the action is brought primarily for the recovery of a money judgment, it is triable by a jury, notwithstanding that the plaintiff also asks for an injunction against the further violation of his rights.

2. In the case at bar, the court committed no error in overruling defendant's motion for a continuance, as the granting or refusing of a continuance in any case rests in the sound discretion of the court, and as in this cause, the case was first set for trial for the month of June, 1905, and on July 6th, 1905, was re-set in open court for trial for December, 1905, there was no abuse of discretion in the refusal of the court to grant a further continuance, and to begin the trial of the case December 13th, 1905.

3. Assignments of error as to the admissibility or non-

admissibility of evidence, which are in general terms and do not point out the particular question and answers objected to, will not be considered by this court.

4. When the injured party finds that a wrong is being done him, he should use all reasonable means to arrest the loss, and when a reasonable and bona fide attempt is made to reduce the damage, even if by such attempts the loss is increased it does not relieve the wrong-doer from a suit for the full recovery of the damages claimed.

5. In a suit for damages for the destruction of growing fruit trees and grape vines, it is competent to prove the damages such as are here claimed, by showing the value of the trees and vines destroyed, or by showing the value of the real estate with the trees and vines growing upon it, and its depreciation by reason of their loss, or in both ways.

Error to the District Court for Socorro County, before FRANK W. PARKER, Associate Justice. Affirmed as Amended.

McMILLEN & RAYNOLDS, and DOUGHERTY & GRIF-FITH, for Plaintiff in Error.

Where the plaintiff seeks both legal and equitable relief under a statement of facts which constitutes a single cause of action the case is one for the court sitting as a chancellor and not for a jury. Lynch v. Metropolitan Ry. Co., 129 N. Y. 274, 26 A. S. R. 523 and note; Barton v. Barber, 104 U. S. 126, 133; Rubber Co. v. Goodyear, 9 Wall. 788; Cawood Patent, 94 U. S. 695; Marsh v. Seymour, 97 U. S. 348.

Unless litigants have been guilty of gross laches a trial should not be forced upon them without an opportunity to be present and produce witnesses. Isaacs v. U. S., 159 U. S. 489.

The proper method of ascertaining the amount of damages because of deposit of debris upon the land is by evidence of the value of the land immediately before and just after such deposit. Lindley on Mines, section 844; Fremont etc., R. R. Co. v. Harlem, 50 Neb. 698, 61 A. S. R. 578; Karst v. St. P. etc. R'y., 22 Minn. 118; Fremont, etc. v. Crum, 30 Neb. 76; Kansas City, etc. Ry. Co. v.

Mogollon G. & C. Co. v. Stout.

Rogers, 48 Neb. 653; 13 Cyc. 150; Wallace v. Goodall, 18 N. H. 439; Cadle v. Muscatine etc. Ry. Co., 44 Ia. 11; Shenango etc. Ry. Co. v. Brahm, 79 Pa. St. 447; St. Louis etc. Ry. Co. v. Haller, 82 Ill. 208; Chicago etc. Ry. Co. v. Baker, 73 Ill. 316; City of Maysville v. Stouton (Ky.) 16 S. W. 675; Antenreith v. St. Louis etc. Ry. Co., 36 Mo. App. 254; Owens v. Mo. Pac. Ry. Co., 67 Tex. 679, 4 S. W. 593; Ft. Worth etc. Ry. Co. v. Hogsett, 67 Tex. 685, 4 S. W. 365; Dwight v. Elmira, etc. R. R. Co., 132 N. Y. 199, 28 A. S. R. 563; Chipman v. Hibbard, 6 Cal. 162; Van Dusen v. Young, 29 Barb. 9; Texas, etc. Ry. Co. v. Land, 3 Will. Civ. cas. Ct. App., Sec. 51; Agate v. Lowenbein, 6 Daly 291 (damage to house); Darrick v. Shifferdecker, 123 N. Y. 52, 25 N. E. 365; Pacific Express Co. v. Lasker, 81 Texas 81, 16 S. W. 792; 2 Wood on Nuisances, 1318, and cases cited in note 5; Lowery v. Rowland, 104 Ala. 420, 16 So. 88; Montgomery v. Locke, 72 Cal. 75, 13 Pac. 401; Achey v. Hull, 7 Mich. 423; Cramer v. Chicago etc. Ry. Co., 43 Minn. 375, 45 N. W. 713; Hoye v. Chicago etc. Ry. Co., 46 Minn. 269, 48 N. W. 1117; Shannon v. Hannibal etc. Ry. Co., 54 Mo. App. 223; Argotsinger v. Vines, 82 N. Y. 308; Gorham v. Eastchester Co.. 80 Hun. 290; Ensley v. Mayor, etc., 2 Baxt. 144; Striegel v. Moore, 55 Iowa 88; Longfellow v. Quinby, 33 Me. 457; Foote v. Merrill, 54 N. H. 490, 20 Am. Rep. 151.

If the tailings would not have gone on the land but for the act of plaintiff in turning them upon the land he must be held to know the consequences of his own act, and he, and not the defendant, is responsible for such act. 13 Cyc. 75; Sherman v. Fall River Iron Works, 2 Allen (Mass.) 524, 79 A. D. 799; Stafford v. Newson, 31 N. C. 507.

The measure of damages for the injury or destruction of growing crops is the value of the crops in the condition they were in at the time of their injury or destruction and not the market value at the time of their maturity or during the market season. Lester et al v. Mining Co., 76 Pac. 341 and cases cited; Lommeland v. Ry. Co., 35 Minn. 412, 29 N. W. 119; Richardson v. Northup, 66 Barb. 85; Gres-

ham v. Taylor, 51 Ala. 505; St. Louis, etc., Ry. Co. v. Lyman, 57 Ark. 512, 22 S. W. 170; St. Louis, etc., Ry. Co. v. Paup, 22 S. W. 213; Clark v. Banks, 6 Houst. (Del.) 584; Ohio, etc., Ry. Co. v. Nuetzel, 43 Ill. App. 108; Hayes v. Crist, 4 Kansas 350; Gripton v. Thompson, 32 Kansas 367, 4 Pac. 698; Byrne v. Minneapolis, etc., Ry. Co., 38 Minn. 212, 36 N. W. 339, 8 A. S. R. 668; Taul v. Shanklin, 1 White & W. Civ. Cas., Ct. App., sec. 1139; Texas, etc., Ry. Co. v. Reed & W. Civ. Cas., Ct. App. sec. 298; International etc., Ry. Co. v. Benitos, 59 Texas, 326; Mo. Pac. Ry. Co. v. Johnston, 3 Will. Civ. Cas., Ct. App., sec. 276; Mo. Pac. Ry. Co. v. Wise, 3 Will. Civ. Cas., Ct. App.; Galveston, etc., Ry. Co. v. Horn, 69 Texas, 643, 9 S. W. 440; Colo. etc., Water Co. v. Hartman, 38 Pac. 62; Gulf Ry. Co. v. Carter, 25 S. W. 1023 and cases cited; Gatlin, etc., Co. v. Euster, (Colo.) 73 Pac. 846; Colo. etc., Co. v. Hartman, 38 Pac. (Colo.) 62; Lommeland v. Saint Paul etc., Ry. Co., 29 N. W. 119; Smith v. R. R. Co., 31 Iowa 518; Shotwell v. Dodge, 8 Wash. 337, 36 Pac. 254; Smith v. Chicago, etc. Ry. Co., 38 Iowa 518.

JAMES G. FITCH and W. H. WINTER, for Defendant in Error.

The Code authorizes the uniting of both legal and equitable causes of action in the same suit. Code, section 33; Pomeroy Code Remedies, secs. 59, 86, 452, 454, 455, 457 et seq. (3d edition); Philips on Code Pleading, sec. 210; Hudson v. Carroll, 44 N. Y. 553; Hill v. Smith, 27 Cal. 476; Potter v. Froment, 47 Calif. 165; Sternberger v. McGovern, 56 N. Y. 12; McPherson v. Featherstone, 37 Wis. 623; Hughes v. Dunlap, 91 Calif. 385, 27 Pac. 642; U. S. Rev. Stat. secs. 4919 and 4921; Burcell v. Denig, 92 U. S. 716, 23 L. 764; Act of Congress of April 7, 1874 (civil procedure act); Basey v. Gallagher, 20 Wall. 670, 22 L. 452.

Where a reasonable and bona fide attempt is made by plaintiff to reduce the damages, which results in enhancing rather than reducing them, this does not relieve the defendant from the full recovery of the damages so sustained. 13 Cyc. 71, 72; Ingalls v. Bills, 50 Mass. 1; Stokes v. Saltonstall, 13 Pet. 181, 10 L. 115; Gulf Rail-

Mogollon G. & C. Co. v. Stout.

road v. Keith, 74 Texas, 287, 11 S. W. 1117; Ellis v. Hilton, 78 Mich. 150, 43 N. W. 1048.

"Where a party on motion for a new trial complains of an alleged erroneous decision of the Trial Court in the admission or exclusion of evidence, he must point out in his motion specifically and with reasonable certainty the particular evidence admitted·or excluded, otherwise the court below need not, and the Supreme Court will not, review such alleged erroneous decision. Territory v. Anderson, 4 N. M. 213; Elliott, Appellate Procedure, secs. 831-853; Long v. Powell, 120 Ga. 621, 48 S. E. 185; McTier v. Crosby, 120 Id. 878, 48 Id. 355; Louisville Ry. v. Thompson, 107 Ind. 442, 8 N. E. 18; Bevering v. Smith, 90 N. W. 840 (Ia.)

The rule for the measure of damages to be applied by the jury under the instructions of the court is one thing and the evidence which the jury are to consider in applying the rule is another. 13 Cyc. 150, 209, 210 and 211.

Witnesses may testify either as to the value of the estate before and after damages or they may testify directly as to the amount of the damages sustained. 3 Wigmore on Evidence, secs. 1921, 1942; Swan v. Middlesex, 101 Mass. 178; Snow v. R. Co., 65 Me. 231; Bent v. Southbound R. Co., 61 S. C. 329, 39 S. E. 527; Schuler v. Board, 12 S. D. 460, 81 N. W. 890; Laflin v. R. Co., 33 Fed. 415; Seattle R. Co. v. Gilchrist, 4 Wash. 509, 30 Pac.738; Sherman v. St. Paul Ry., 30 Minn. 227, 15 N. W. 239; Vandine v. Burpee, 13 Metc. 288; Shaw v. Charleston, 2 Gray 107; Beale v. Boston, 166 Mass. 103, 53 N. E. 1029; Leber v. Railway Co., 29 Minn. 256, 13 N. W. 31; Robbins v. Willmar, 71 Minn. 403, 73 N. W. 1097; Springfield Ry. Co. v. Calkins, 90 Mo. 538, 3 S. W. 82; St. Louis v. Rankin, 95 Mo. 189, 8 S. W. 249; Portland v. Kamm, 10 Ore. 384; Lee v. Water Co., 176 Pa. 223, 35 Atl. 184; Montana Ry. v. Warren, 137 U. S. 348, 34 L. 681; Fort Worth Ry. v. Hogsett, 67 Texas 685, 4 S. W. 365; Kansas City Ry. v. Rogers, 48 Neb. 653, 67 N. W. 602; Lowrey v. Roland, 104 Ala. 420, 16 So. 88; Palatine Ins. Co. v. Santa Fe Mer. Co., N. M., 82 Pac. 363.

"The aim of the law is to compensate the actual loss

caused by the injury, and the damage should be so meas-
ured as to accomplish this end.    The rule that leads to
that result is correct and all others are wrong."    K. C.,
Ft. S. & M. Ry. v. Cook, 57 Ark. 387, 21 S. W. 1066; 13
Cyc. 150-153; Fremont R. R. Co. v. Harland, 50
Neb. 698, 70 N. W. 263; K. C. Ry. Co. v. Rog-
ers, 48 Neb. 653, 67 N. W. 602; Fremont v. Crum, 30
Neb. 70, 46 N. W. 217; Chipmen v. Hibbard, 6 Cal.
162; Van Dusen v. Young, 29 Barb. 9; Barrick v. Shiffer-
decker, 123 N. Y. 52, 25 N. E. 365; Carmer v. Chicago
Ry., 43 Minn. 375, 45 N. W. 713; Hoye v. Chicago Ry.,
46 Minn. 269, 48 N. W. 1117; Argotsinger v. Vines, 82
N. Y. 308; 13 Cyc. 136; Hetzel v. B. & O. Ry. Co., 169
U. S. 26, 42 L. 648; Chicago v. Taylor, 125 U. S. 161,
31 L. 638; Graessle v. Carpenter, 70 Iowa 166, 30 N. W.
392; Luther v. Winnisimmet Co., 63 Mass. 171; McGuire
v. Grant, 25 N. J. Law 356; St. Louis Manganese Co. v.
Miller, (Ark.), 11 S. W. 958; Koch v. Sackman-Phillips
Co., 9 Wash. 405, 37 Pac. 703; Union Springs v. Jones,
58 Ala. 654; Phinzy v. City of Augusta, 47 Ga. 260; Saint
Louis & S. F. Ry. Co. v. Jones, 59 Ark. 105, 26 S. W. 595;
Mahoney v. Kansas City, 106 Mo. App. 39, 79 S. W. 1168;
Fitzsimmons & Connell Co. v. Braun, 199 Ill. 390, 65 N.
E. 249; Irvine v. Smith, 204 Pa. St. 58, 53 Atl. 510; Fon-
cannon v. City of Kirksville, 88 Mo. App.; Coats v. A. T. &
S. F. Ry., Cal., 82 Pac. 640; Hibling v. Alleghe-
ny, 201 Pa. St. 171, 50 Atl. 970; Robb v. Carnegie, 145
Pa. St. 324, 22 Atl. 648; Espleman v. Martic, 152 Pa.
St. 68, 25 Atl. 178; McGettigan v. Potts, 149 Pa. St.
155, 24 Atl. 198; Noonan v. Pardee, 200 Pa. St. 474, 50
Atl. 255.

The measure of damages now usually applied to the
destruction of fruit trees is the actual value of such trees
while growing upon the land.    Montgomery v. Locke, 72
Cal. 75, 77, 13 Pac. 401; U. S. v. Taylor, 35 Fed. 484;
F. E. and M. V. R. Co. v. Crum, 30 Neb. 70, 46 N. W.
217; K. C. and O. R. Co. v. Rogers, 48 Neb. 653, 67 N.
W. 602; Mo. Pac. Ry. Co. v. Tipton, 61 Neb. 49, 84 N. W.
416; M. K. & T. Ry. Co. v. Lycan, 57 Kan. 635, 47 Pac.
526; A. T. & S. F. R. Co. v. Hamilton, 6 Kan. App. 441,

Mogollon G. & C. Co. v. Stout.

50 Pac. 102; M. K. & T. Ry. v. Steinberger, 6 Kan. App. 585, 51 Pac. 623, affirmed 55 Pac. 1101; K. C. Ry. Co. v. Perry, 65 Kan. 792, 70 Pac. 876; A. T. & S. F. Ry. Co. v. Geiser, 68 Kan. 281, 75 Pac. 68; A. T. & S. F. Ry. Co. v. Owens, 6 Kan. App. 515, 50 Pac. 962; A. T. & S. F. Ry. Co. v. Arthurs, 63 Kan. 404, 65 Pac. 651; Stoner v. T. & P. Ry. Co., 45 La. Ann. 115, 11 South 875; N. & W. Ry. Co. v. Bohnannan, 85 Va. 293, 7 S. E. 236; T. & P. Ry. Co. v. Gorman, 2 Texas Civ. App. 144, 21 S. W. 158.

## STATEMENT OF FACTS

The complaint in this case discloses that in the year 1883 the defendant in error settled on and has since resided upon a certain tract of land situated in the county of Socorro, in this Territory, containing a trifle over 160 acres, and that in April 1894, the United States patented the same to him. That immediately upon his settlement upon the land in 1883, defendant in error took and appropriated one cubic foot of water per second from Mineral Creek, when that amount of water was flowing in said creek, by building a certain irrigation ditch about 1800 feet long and twenty inches in width, extending from a point on Mineral Creek above lands of defendant in error down to and across his lands. That the water so appropriated was used for irrigating his lands, vineyard, fruit trees, plants and vegetables and for watering his live stock, and for domestic purposes. That his lands were irrigated from five to six times during each season. That at the time of his appropriation, the water of Mineral Creek was pure, and suitable for the purposes for which it was appropriated.

That in the year 1893, plaintiff in error erected a large quartz or stamp mill, with a crushing capacity of over one hundred tons for every twenty-four hours, some distance above the head of the irrigation ditch, and so near Mineral Creek that the tailings from the mill ran into Mineral Creek and polluted the waters of that stream with mineral poisons and other substances highly injurious to vegetable and animal life. That the tailings and

other deleterious substances were carried by the waters of the creek into the irrigation ditch of defendant in error and upon and over his lands. That by reason of the pollution of the water the same was rendered unfit for the uses and purposes for which it had been appropriated, and that by reason of the tailings running into the irrigation ditch it has filled up, and the lands thereunder have been permanently injured by the deposit thereon of the tailings and the mineral poisons. That the alfalfa, vineyard, trees, plants and vegetables of defendant in error, have ceased to grow and to be productive, and that he has wholly lost his crops, and that the alfalfa, vineyard, trees, plants and vegetables have been poisoned, dried up and wholly destroyed, and defendant in error has been deprived of the use of said water for his stock and for domestic purposes. Damages were asked in the sum of two thousand dollars. Defendant also asked for an injunction and that he be decreed to have a prior right to the use of the waters of Mineral Creek, to the full extent of his prior appropriation, and for general relief.

Issues were finally joined, and the cause was set for trial, at the next term of court. Motion was made to strike the cause from the trial docket, which was denied. Motion for a continuance was made and was likewise denied, and the case was finally heard by a jury which returned a verdict in favor of plaintiff below, defendant in error herein, for the sum of two thousand dollars damages. At the suggestion of the court $650.00 of the verdict was remitted, and judgment was entered for the sum of $1350.00. Motion for new trial was argued and overruled, and a writ of error was sued out.

OPINION OF THE COURT.

MILLS, C. J.—Of the several assignments of error we will consider those that we deem pertinent to the proper disposition of this case. It will not be necessary to take them up severally, as those which relate to the measure of damages can properly be considered together.

1. The first alleged error to be considered is that the court below erred in overruling the motion of defendant

to strike the cause from the jury trial docket and in submitting the cause to trial by jury.

The claim of plaintiff in error is based upon the well known principle that if jurisdiction attaches, a court of equity will go on and do complete justice, although in its progress it may decree on matter which was cognizable at law, and that as the complaint in this case set up facts which called for both legal and equitable relief, that when the court took jurisdiction for the purpose of administering equitable relief,    that is issuing the injunction prayed for, that it took jurisdiction of the case for all purposes, and would itself decide the questions of fact involved in the case, without the intervention of a jury.

Our code of civil procedure authorizes the uniting of both legal and equitable causes of action in the same complaint, where they arise out of the same transaction or transactions, connected with the same subject of action. Sub. Sec. 33, of Sec. 2865, Compiled Laws of 1897.

Even a cursory examination of the statement of facts which precedes this opinion, will show that the legal and equitable causes of action stated in the complaint arise out of the same transaction.   Indeed it is nowhere contended that the complaint improperly joined causes of action.

The complaint sets up what under the common law rules would have been a good declaration in trespass on the case, and also asks for two remedies, to-wit:   (1) a judgment for the sum of $2,000.00 and (2) that the plaintiff be decreed to have a prior right to the use of the waters of Mineral Creek, and, that the Copper Company be enjoined from polluting the waters of said creek.

The record also discloses that a verdict was returned by the jury which tried the cause in December 1905, while nothing was done about securing the restraining order until March 1906, more than two months after the jury had passed upon the cause.   Indeed the record does not show that a permanent injunction has ever been granted in the case.

By section 1868 of the Revised Statutes of the United States the District Courts of this and other Territories

possess chancery as well as common law jurisdiction, and at one time it was a serious question as to whether a territorial legislature had the right to adopt a code of civil procedure, but on April 7th, 1874, this right was given by act of Congress, but attached to it the proviso that by the enactment of a code no person should be deprived of the right of trial by jury in cases cognizable at common law.

There is no doubt as stated above but that the complaint in this case down to the prayer for relief sets up a state of facts which was "cognizable at common law", and which entitled the plaintiff to the right of a trial by jury, and under the Acts of Congress just above referred to, the legislature could not, even if it had been disposed, which we do not even for a moment intimate, have taken away this right. The mere fact that the defendant in error united in one complaint the necessary allegations and prayers for legal and equitable relief does not deprive him of his right to a jury trial on the legal issues. And this has been the holding and we think properly, in nearly all of the code states. Pomeroy's Code Remedies, Secs. 59, 86; Hill v. Smith, 27 Cal. 476; Potter v. Froment, 47 Cal. 165; Hudson v. Carroll, 44 N. Y. 553; Sternberger v. McGovern, 56 N. Y. 12; McPherson v. Featherstone, 37 Wis. 632; Hughes v. Dunlap, 91 Cal. 385; and the highest federal court has held likewise in a case very similar to this which came up from Montana, when it was still a territory, and its courts were organized under a law about the same as ours. The syllabus in the case of Basey, et al v. Gallagher, 20 Wall. 670, which was decided in 1874, says "although by the organic act of the Territory of Montana common law and chancery jurisdiction is exercised by the same court, and by legislation of the Territory the distinctions between the pleadings and modes of procedure in common law actions and those in equity suits are abolished, the essential distinction between law and equity is not changed. The relief which the law affords must be administered through the intervention of a jury, unless a jury be waived; the relief which equity affords must be applied by the court itself," and the same

Mogollon G. & C. Co. v. Stout.

rule has been held to be the law in Hornbuckle v. Toombs, 18 Wall 648; Hershfield v. Griffith, 18 Wall 657; and Davis v. Bilsland, 18 Wall 659. It will be observed that all of these federal cases were decided before the passage by Congress of the Act of April 7th, 1874, which expressly saves to a litigant the right of trial by jury. It is true that the plaintiff in error quotes in support of his contention the case of Lynch v. Metropolitan Ry. Co., 129 N. Y. 274, and several federal cases, but the Lynch case seems to stand alone, and is, we think, overwhelmed by the number of cases which hold to the contrary, while all of the federal cases cited, except the first, refer to damages as to infringements of patents, which class of cases is governed by statute, Secs. 4919 and 4921, Rev. Statutes of the U. S., providing that damages for infringement may be adjudged either in law or equity. The first case cited by counsel for plaintiff in error, is that of Barton v. Barbour, 104 U. S. 126, and as we understand that case all that the court holds is that a receiver of an insolvent railroad, where the decree appointing him provides that he has authority to defend all actions brought against him by leave of the court, cannot be sued as such receiver, in another jurisdiction, unless the order of the court by which he was appointed receiver, for leave to bring the suit, be first obtained.

The true rule seems to us to be that in a suit for damages where an injunction is also asked, that if the suit is primarily for the injunction and the right to damages is merely incidental to and dependent upon plaintiff's right to the injunction, the court may without the intervention of a jury assess the damages already sustained; but if the action is brought primarily for the recovery of a money judgment it is triable by a jury, notwithstanding that the plaintiff also asks for an injunction against the further violation of his rights, or an injunction pendente lite, 24 Cyc. 122.

2. The next error assigned which we need to consider is that the court below erred in overruling defendant's motion for a continuance.

The record shows that the complaint in this case was

filed on July 13th, 1904.    On August 30th, 1904, a special answer, in the nature of a plea in abatement, was filed, stating that the name in which defendant was sued was not its true name; on September 9th, 1904, answer was filed, and on September 12th, 1904, leave was given to amend the complaint by correcting the name of the defendant by interlineation.    The case appears to have been set for trial on the jury trial list for the June 1905 term of court, for a motion was made to strike the cause from the jury trial-docket, which motion on June 30th, 1905, was overruled, and on July 6th, 1905, the case was again set in open court for trial for the second Monday of the next ensuing term of court, i.e., the December 1905 term.    On December 6th, 1905, motion for security for costs was filed, and on the 10th of the same month such security was filed, and three days later a motion and affidavit for continuance was filed, which motion was presumably overruled as the cause was tried, the trial commencing on December 13th, 1905.

This court has repeatedly held that the granting or refusing of a continuance in any case rests in the sound discretion of the court and will not be ground for error unless the court grossly abuses such discretion.

Beall v. Territory, 1 N. M. 507; Territory v. Padilla, 12 N. M. 1.

We can see no abuse of discretion on the part of the court in the case at bar in refusing the motion for continuance.    The case was first set on the jury trial-docket for the June term, A. D. 1905, and on July 6th, 1905, in open court, was re-set, for the 2nd Monday of the following December term of court.    We know of no greater publicity that can be given as to when a case will be tried than to set it in open court.    It is true that the affidavit for continuance sets out that the attorneys for the defendant below had no notice of such setting until November 22nd, 1905, but it seems to us that they should have had such notice long before that day, for an attorney who has cases on the docket should be in attendance at court while it is in session or at least should have some one there who will advise of the action of the court in any

matters, in which he may be interested. We will also take judicial notice of the fact that the December term, 1905, of the District, sitting within and for Socorro County, began on December 4th, 1905, and that the second Monday of said term was December 11th, consequently from November 22nd, when the attorneys for the defendant below admit that they had notice of the setting of the case to December 11th, was nearly three weeks, ample time, it seems to us, to prepare for trial. The first affidavit for continuance was not filed until December 13th, 1905, two days after the case was set for trial.

We see no error in the refusal of the court to grant the continuance asked for.

3. Five of the alleged errors relate to the admission of evidence objected to by plaintiff in error. Each of these objections, as shown in the motion for a new trial and assigned as error, is in the most general terms, and does not point out the particular question and answer objected to. In order to ascertain what they are, we would have to search the entire evidence, and the rulings of the court most carefully, and endeavor to ascertain which questions and answers the plaintiff in error objected to, and even then we might not select all of those which were regarded as harmful by its counsel. It is a well settled rule of this court, that we will not review alleged erroneous rulings of the Trial Court upon the admissibility or non-admissibility of evidence, unless they are specifically pointed out. In the case of The Territory v. Anderson, 4 N. M. 213, this court lays this down as the rule, and quotes approvingly the law as laid down in Grant v. Westfall, 57 Ind. 126, as follows: "It has been repeatedly held by this court that when a party complains of an alleged erroneous decision of the court trying the cause, either in the exclusion or admission of evidence, he must point out in his motion for a new trial, with reasonable certainty, the particular evidence admitted or excluded; otherwise the court below need not, and this court will not, consider such alleged erroneous decision." And we have held the same as late as the case of Territory v. Cordova, 11 N. M. 367, in which case authorities are cited.

We see no good reason for departing from the law as heretofore announced by this court, and we will not consider the objections to the introduction of the testimony, except in so far as we are obliged to do so in passing on the giving and refusing to give instructions by the court to the jury.

4. The other alleged errors relate to the measure of damages. These alleged errors are based upon the admission of certain evidence by the court, the refusal of the court to give to the jury certain instructions asked by plaintiff in error and the giving of certain instructions asked by the defendant in error, to all of which objections were duly made and exceptions saved.

One of the exceptions is that it was error to permit evidence to go to the jury as to the damages caused by tailings remaining on the lands, because the water which contained the tailings was turned upon such lands by the defendant in error.

The evidence discloses that the spring of the year 1904, was very dry, and that much vegetation was destroyed by reason of the prevailing drought, that defendant in error knew that tailings from the mill of plaintiff in error was in the water which ran down Mineral Creek, and into his irrigation ditch, but that he thought that much loss would be prevented by irrigating his alfalfa, trees, vines and vegetables with such water, even if polluted, as without such irrigation they would be completely destroyed.

The instruction given by the court in regard to this point is numbered seven, and is as follows, to-wit:

"(7). You are instructed that if you believe from the preponderance of the evidence the plaintiff has acquired the right to use the water of Mineral Creek, for the irrigation of his farm prior to the pollution of the same by defendant corporation by allowing the tailings from its quartz mill to flow therein, then you are instructed that it devolved upon the plaintiff, before using said water for irrigation to use ordinary care in determining whether said water so polluted would injure the vegetation on his farm or would injure the soil thereof, and failing to exer-

Mogollon G. & C. Co. v. Stout.

cise said ordinary care, he cannot recover in this case, unless you further find from a preponderance of the evidence that he was compelled to use said water for irrigation and in the exercise of ordinary care and prudence he elected to use said water in its polluted condition as calculated to result in less injury to him than to fail to irrigate his said land at all—in which event you will not refuse to award plaintiff such damage as he has suffered, notwithstanding he may have known, or with ordinary care should have known, the damaging results of such use of such water in such polluted condition; but in no event would the plaintiff be entitled to greater damages than would have accrued by not using the water so polluted."

This instruction covers the law, as we understand it. It is the duty of a person to prevent an injury to his property if he can do so, and if he cannot prevent such injury entirely to take such reasonable steps as are in his power to reduce the damages. This rule is admirably stated in 13 Cyc. 71 and 72, and is supported by citations of many cases in notes 43 to 46 inclusive on those pages. The rule is, "Where an injured party finds that a wrong has been perpetrated on him, he should use all reasonable means to arrest the loss. He cannot stand idly by and permit the loss to increase, and then hold the wrongdoer liable for the loss which he might have prevented. It is only incumbent upon him, however, to use reasonable exertion, and the question in such cases is always, whether the act was a reasonable one, having regard to all the circumstances of the particular case. The application of this rule sometimes has the effect of enhancing the damages rather than reducing them, but where reasonable and bona fide attempts have been made on the part of the plaintiff to reduce the damages . . . . . . . . it does not relieve the defendant from a full recovery of the damages claimed."

Plaintiff in error asked the court to instruct the jury that if the defendant voluntarily turned the water carrying the tailings into his land, that he was bound to know the effect of so turning the water containing the tailings into his land and therefore could recover no damages on

account of the injury done by the tailings to his land. The court, very properly, we think, declined to give this instruction, as the question was, was he justified in turning the water on his land with the view of trying to prevent the greater damage which would occur if he did not so irrigate it.

Another claim of the plaintiff in error is that the court committed error in allowing testimony to go to the jury as to the amount of money and also as to the percentage of damage occasioned by the deposit of the tailings on the land and as to the value of the fruit trees in the orchard and grape vines growing in the vineyard, and destroyed by the tailings, the plaintiff in error claiming that they had no value except as a part of the inheritance, and that the true measure of damages was the difference in the value of the land prior to the death of the trees and vines and its value subsequent to that time.

The authorities on this point are somewhat in conflict. Some of the States have admitted evidence both ways on the question, and the rule contended for by the plaintiff in error is not the only or universal one. We believe that the damages may be proven in either way. What the law really requires, "is that such damages be allowed as, in the judgment of fair men, directly and naturally resulted from the injury for which the suit is brought. This is the rule which obtains in civil actions for damages. They have their foundation in the idea of just compensation for wrongs done." Hetzel v. B. & O. R. Co., 169 U. S. 37. The damages to vines and fruit trees "is to be estimated with reference to what they are worth on the premises in their growing state, and not as taken up and removed from the place." Montgomery v. Locke, 172 Cal. 75.

The instruction given by the Trial Court, in regard to the damages seems to us to be eminently fair. It reads as follows:

"(6). Now, if you find from the preponderance of the evidence in this case, if any, that the plaintiff operated and used the waters of said Mineral Creek, for the purpose of irrigating his farm and the crops, trees and vines

Mogollon G. & C. Co. v. Stout.

thereon prior to the bringing of this suit, and prior to the time the defendant began depositing the tailings from their mill there, if they so did, that the depositing of such tailings in said creek by said defendant company, if you so find, polluted the water of said stream and that such tailings were washed down by plaintiff's land and in his irrigating ditches during the year A. D. 1904, and that thereby the plaintiff's trees, vines, crops and land were injured, then and in such event, you shall find for the plaintiff in such sum or sums as will compensate him for the damages sustained by him, if any, during the said year, 1904, prior to the bringing of this suit and claimed by him in his complaint therein; in no event to exceed the amount of damages claimed by plaintiff in his complaint, namely, two thousand dollars."

In a well considered case in Kansas involving the destruction of fruit trees, the court said: "It is contended that the question should have been confined to the value of the farm as a whole before and after the injury, leaving the jury to compute the damages by deducting one from the other. While this is undoubtedly the regular and proper method of arriving at such damages as cannot be itemized and definitely measured in detail, it does not preclude the use of the best evidence which the nature of the case affords. Where a thing, whether it be a building, a tree, or shrub, is destroyed by a wrong-doer, the most natural and best measure of damage is the value of the thing destroyed as an appurtenance to or part of the realty, and ordinarily, the value of the thing destroyed would be the measure of the injury to the freehold." M. K. & T. Ry. Co. v. Lycan, 57 Kan. 635; and in another case, the Supreme Court of Kansas also say: "A further claim is made that at most only nominal damages could be awarded under the evidence. The plaintiff showed that some one hundred and fifty apple trees had been destroyed and that they were of the value of from $5.00 to $10.00 each. The defendants' witnesses testified that the farm on which the orchard was growing was as valuable after the fire as it was before. It is competent to prove damages such as were here claimed by showing the value of the trees destroyed. M. K. T. Ry.

Co. v. Lycan, 57 Kan. 635; K. C. Ft. S. and M. R. R. Co. v. Perry, 65 Kan. 792, or by showing the depreciation of the value of the real estate;" A. T. & S. F. Ry. Co. v. Geiser, 75 Pac. 68. We are of the opinion that this is the proper rule, and that the damages can be proved in either or both ways, and that this is the rule which is sustained both by reason and by the weight of authority.

We have carefully examined the instructions given by the court in this case, and we see no error in them, and we have also examined the instructions asked by plaintiff in error and which virtually ask the court to instruct the jury to return a verdict in favor of the defendant below, and we see no error in the refusal of the court to give them.

An examination of the record discloses that the verdict as returned by the jury, and the judgment entered in the lower court against the defendant, was in the wrong name, to-wit: The Mogollon Gold and Copper Mining Company, and not against the Mogollon Gold and Copper Company, as is shown by the special answer on page 12, of the transcript of record, to be the true name of the defendant company, and according to the authority vested in this court to make such amendments as may be necessary to do justice between parties to the suit. It is ordered that the judgment of the lower court in the name of the Mogollon Gold and Copper Mining Company be affirmed in the name of The Mogollon Gold & Copper Company, and the cause is remanded to the lower court, with directions to execute the judgment as amended, and it is so ordered.

SYLLABUS (BY THE COURT).

