354 P.2d 127

HOUSTON FIRE AND CASUALTY INSURANCE COMPANY, a corporation, Plaintiff-Appellee,

v.

D. W. FALLS, Defendant-Appellant.

No. 6575.

Supreme Court of New Mexico.

July 1, 1960.

Rehearing Denied Aug. 19, 1960.

190

Owen B. Marron, David W. King, Albuquerque, for appellant.

Gilbert, White & Gilbert, Santa Fe, for appellee.

CHAVEZ, Justice.

This is an action brought by appellee (plaintiff below) seeking judgment against appellant D. W. Falls (defendant below) on a default judgment entered by the district court of Carter County, Oklahoma.

Appellant answered appellee's complaint, denying the indebtedness and denying that the Oklahoma judgment is a valid judgment

entitled to full faith and credit; appellant also alleged that no process was issued and served upon the defendant, D. W. Falls; that the individual answer filed by the defendant, Stone, raised the issue that the note sued upon was executed without consideration and that the said note was an illegal transaction, and also alleged that the jury trial on Stone's individual defense resulted in a verdict for the defendants; and that the record in the Oklahoma court shows affirmatively that there was no authority in any attorney to enter the appearance of D. W. Falls. The case was tried by the district court of Bernalillo County without a jury; judgment was rendered for appellee; and appellant, Falls, brings this appeal.

Appellee originally filed suit on February 13, 1952, in the district court of Carter County, Oklahoma, against D. W. Falls and H. L. Stone, co-partners doing business as Stone & Falls, and as Stone Construction Co., defendants, seeking judgment on a promissory note executed on April 12, 1948, by D. W. Falls, acting on behalf of said partnership, Stone & Falls, and in the firm name.

On March 10, 1952, a demurrer was filed to appellee's petition by the defendants, D. W. Falls and H. L. Stone, co-partners doing business as Stone & Falls, and is signed, Champion & Wallace, attorneys for D. W. Falls and H. L. Stone. On April 21, 1952, an order of the district court was filed granting the defendants, D. W. Falls and H. L. Stone, co-partners, doing business as Stone & Falls, thirty days within which to file their answer. On April 26, 1952, an order was filed overruling the demurrer of D. W. Falls and H. L. Stone, and the said order in part recites:

"* * * this cause comes on for hearing upon the demurrer of the defendants, D. W. Falls and H. L. Stone, co-partners doing business as Stone & Falls and Stone Construction Company, * * * said defendants appearing by their attorneys, Champion & Wallace, * * * the demurrer of the defendants, D. W. Falls and H. L. Stone, co-partners doing business as Stone & Falls and Stone Construction Company, be and the same is hereby overruled, * * *."

The order appears to have been approved as to form and signed by plaintiff's attorneys, and by Champion & Wallace, attorneys for said defendants.

On May 15, 1952, another order granting defendants additional time to answer, signed by the district judge, was filed and which said order, among other things, provides: "This matter coming on this 15 day of May, 1952, upon the oral application of D. W. Falls and H. L. Stone, co-partners dba Stone and Falls and as Stone Construction Company, * * *."

On June 14, 1952, another order was filed granting defendants additional time to

answer and which said order, among other things, provides: "* * * upon the oral application of D. W. Falls and H. L. Stone, co-partners, d/b/a Stone and Falls and as Stone Construction Company * * *."

On October 21, 1952, an order duly signed by the district judge was entered setting the case for trial on the 3rd day of November, 1952. On October 30, 1952, an order of the district court was filed granting defendants, D. W. Falls and H. L. Stone, additional time to answer, which said order among other things, provides: "* * * upon the oral application of the defendants, D. W. Falls and H. L. Stone, * * *."

On November 5, 1952, a separate answer of H. L. Stone, individually, was filed by his attorneys, Champion, Champion & Wallace, alleging that under the partnership agreement between Stone and Falls neither party could obligate the partnership for more than $500, and further alleging that said note was not executed for any valuable consideration. Stone further alleged that Falls lacked the authority to bind Stone or the partnership by his signature on the promissory note.

On November 12, 1952, a first amended separate answer of H. L. Stone was filed by Champion & Wallace, attorneys for H. L. Stone.

On November 21, 1952, appellee filed its reply to the first amended separate answer of Stone, generally denying the allegations of said first amended separate answer.

On January 25, 1954, H. L. Stone, individually, filed a second amended separate answer, setting up substantially the same matters alleged in the first amended separate answer, but there was also contained in said pleading a cross-petition, which reads in part as follows: "Comes now the defendants, H. L. Stone and D. W. Falls, d/b/a Stone and Falls, and for their Cross-Petition against the plaintiff, Houston Fire and Casualty Insurance Company, alleges and states: * * *." Said cross-petition, in the prayer, states: "Wherefore, these cross-petitioners pray the court for judgment, * * *." The cross-petition appears to be signed by Champion & Wallace, attorneys for cross-petitioners, and appears to have been verified by H. L. Stone as one of the co-partners.

On February 26, 1954, appellee filed a reply to the second amended separate answer of Stone, alleging in effect the same matters set out in their reply to the first amended separate answer.

The issues thus framed by the petition and the separate answer of Stone were tried with a jury and the jury returned its verdict for the defendants.

On May 10, 1954, appellee filed a motion for judgment notwithstanding the verdict and also filed a motion for new trial. On

June 9, 1954, a journal entry of judgment was filed, reciting the verdict of the jury and adjudging that plaintiff take nothing by its petition herein. On November 9, 1954, an order was entered setting the motion to vacate and motion for new trial for hearing on November 15, 1954, and a new trial was granted but an order was not filed in the proceedings.

On October 20, 1956, a motion was filed by Stone, through his attorney, Wilson Wallace, for a continuance, setting up, among other things: " * * * that this cause is set for trial on the 22nd day of October, 1956." On October 23, 1956, an order was entered by the district court, which reads as follows:

"Now on this the 20th day of October, 1956, this cause comes on to be heard upon the motion of the defendant H. L. Stone for a continuance of this cause; and the Court having heard said motion and being sufficiently advised in the premises finds that said motion should be granted and this cause continued as to said defendant.

"It Is, Therefore, Ordered That this cause be and is hereby continued from its present setting as to the defendant, H. L. Stone only."

On the same day, October 23, 1956, the journal entry of judgment, which is the judgment sued upon by appellee, was filed. Said judgment provides:

"Now on this the 22nd day of October, 1956, this cause comes on to be tried in its regular order pursuant to previous assignment thereof for trial on this date as to the defendant D. W. Falls; the matter having been continued as to the defendant H. L. Stone by order of the Court made and entered herein on October 20, 1956.

"And it appearing to the Court that the defendant D. W. Falls has entered his general appearance herein but has neglected and failed to answer plaintiff's petition, although the time granted to him for such answer has long since expired. And said defendant D. W. Falls having been loudly called three times in open court to appear and answer the petition of the plaintiff came not and is thereupon adjudged to be in default and that the petition of plaintiff be taken as confessed.

"Thereupon the plaintiff waived trial by jury and agreed to submit all issues of fact as well as of law to the Court; and the Court having heard the allegations of plaintiff's petition and the evidence submitted in open court in support thereof, and being fully advised in the premises and upon consideration thereof finds that all the material allegations of plaintiff's petition with respect to the execution and delivery of the note sued upon herein are true; that the partnership of Stone & Falls has

now been dissolved and liquidated, and that plaintiff is entitled to judgment against defendant D. W. Falls as prayed for.

"It Is Therefore, Ordered, Adjudged And Decreed By the Court that the plaintiff do have and recover of and from the defendant, D. W. Falls the sum of $5,717.73 with interest thereon at the rate of three per cent (3%) per annum from the 12th day of April, 1948, until paid, and the further sum of $717.50 attorneys fee and that all costs of this action be taxed against said defendant; and for all of which let execution issue."

Appellant assigns two points of error, as follows:

### "Point I

"The Trial Court erred in concluding that the default judgment entered in favor of appellee against appellant by the Oklahoma District Court is entitled to full faith and credit under the Constitution of the United States.

### "Point II

"The Trial Court erred in refusing to grant a continuance for trial of the issue as to whether the Oklahoma attorney had authority to enter the appearance of appellant in the Oklahoma proceeding."

Under point I appellant contends that the Oklahoma district court judgment is not entitled to full faith and credit for three reasons: (1) That no process was served upon D. W. Falls and therefore the judgment is void; (2) That in the Oklahoma cause, the answering partner, Stone, raised certain defenses alleging that the note sued upon was executed without consideration and that said note was an illegal transaction, and that Falls is entitled to rely on the answer filed by his co-defendant, Stone; and (3) That there was no authority in any attorney to enter an appearance for Falls and said attorney entered an appearance for Stone only.

Upon the issue of lack of process, the question boils down to whether the defendant, Falls, although in default, was nevertheless entitled to notice of hearing before the judgment could be rendered against him by the court. The record discloses that on October 20, 1956, one Wilson Wallace filed a motion for continuance on behalf of H. L. Stone, individually. Said motion sets out in part as follows: " * * * that this cause is set for trial on the 22nd day of October, 1956." On October 20, 1956, the court signed the order continuing said cause as to the defendant, H. L. Stone, only. This order was filed on October 23, 1956. On October 22, 1956, the journal entry of judgment, as hereinbefore set out, was signed by the district judge and said judgment was filed on October 23, 1956 .

The trial court of Bernalillo County found that on October 23, 1956, a final

judgment was duly and regularly given in favor of appellee; that the defendant, Falls, entered his general appearance and that said Oklahoma court had jurisdiction of his person; that it is not true that the record in the Oklahoma cause shows affirmatively that there was no authority in any attorney to enter the appearance of D. W. Falls therein; that the judgment roll in the Oklahoma cause shows affirmatively that the judgment therein was duly and regularly entered against the defendant, Falls.

The trial court concluded as follows: (1) That the judgment against Falls appears upon the judgment roll to have been duly and regularly entered and that the court rendering said judgment had jurisdiction of the said defendant and of the subject matter of said cause; (2) that said judgment so rendered by the Oklahoma court is not subject to collateral attack in this cause; and (3) that said judgment is entitled to full faith and credit in this court.

Thus, this court is called upon to determine whether the Oklahoma judgment is protected against the collateral attack made upon it. The Federal Constitution, Article IV, § 1, provides that:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceed-ings shall be proved, and the Effect thereof."

The original petition was filed against D. W. Falls and H. L. Stone, co-partners doing business as Stone & Falls, in the district court of Carter County, Oklahoma. Said court is a court of record, having general jurisdiction, including jurisdiction to try actions of this nature. Okl.Const., Art. VII, § 10.

It appears that under the Oklahoma procedure, a separate trial between the plaintiff and any or all of several defendants may be allowed by the court, whenever justice will be thereby promoted. Okl.Stat., Tit. 12, § 558 (1951).

Another pertinent Oklahoma statute is Okl.Stat., Tit. 12, § 682 (1951) which provides:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others whenever a several judgment may be proper. The court may also dismiss the petition with

costs, in favor of one or more defendants, in case of unreasonable neglect on the part of. the plaintiff to serve the summons on other defendants, or proceed in the cause against the defendant or defendants served."

Appellant contends with great force that a judgment rendered in a proceeding wanting in due process of law, enjoined by the fundamental law, is not entitled to "full faith and credit." This principle is correct. Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635. However, the Griffin case was one in which a divorce decree was granted and it ordered the defendant to pay alimony. The divorce decree did not constitute a judgment upon which an execution would issue and as to arrearages in the payment of alimony, a judgment had to be entered establishing the arrearages. Thus, after the entry of the divorce decree, the plaintiff filed a petition alleging that defendant was in arrears in the payment of alimony and prayed for judgment on the amount in arrears. This petition was not served on the defendant and he was not given any notice of the hearing. Although the petition was filed as an ancillary proceeding in the original cause, the court held that the petition raised new issues and was in effect a new suit of which the defendant was entitled to notice.

The rule has also been stated as follows:

. "The .only escape from obedience to the rule that a judgment of a , sister state is entitled to full faith and credit lies in a holding that the judgment is void and entitled to no standing even in the state in which it was rendered." May v. Anderson, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221; 30A Am.Jur. § 246, Judgments.

In the case at bar the court was a court of record and of general jurisdiction; it had jurisdiction of the parties and of the subject matter of the suit. The issues were raised by the original petition, and appellant, as shown by the record, entered his general appearance by way of demurrer and other appearances as heretofore shown, and appellant was charged with knowledge of those issues.

Counsel claims that appellant had no notice of the hearing on October 22, 1956, the date when the judgment was entered, and argues that thus due process is lacking. However, the attorneys who had appeared for both Falls and Stone had notice that the cause was set for trial on October 22, 1956, all as set out in the motion for continuance filed by Stone on October 20, 1956. The journal entry of judgment sets out in part as follows:

"Now on this the 22nd day of October, 1956, this cause comes on to be tried in its regular order pursuant to previous assignment thereof for trial on this date as to the defendant D. W. Falls; the matter having been con-

tinued as to the defendant H. L. Stone by order of the Court made and entered herein on October 20, 1956."

The Oklahoma courts have passed upon the question of whether notice of trial is required before the entry of a judgment. In Miller v. Prudential Ins. Co. of America, 180 Okl. 555, 71 P.2d 452, 453, the action was one to foreclose a mortgage. An unverified general denial was filed. Judgment was thereafter taken without notice to the defendant. The Oklahoma court held this was proper and stated:

"Defendants were not entitled to personal notice of the setting of the case for trial. It was regularly set for trial as provided by § 395, O.S.1931 (12 Okl.St.Ann. § 666), which provides that where the issues are made up, as here, the cause shall be placed on the trial docket and stand for trial ten days hence. There is no duty upon any one to notify the other party in such case. North v. Hooker, 68 Okl. 106, 172 P. 77. In that case the court held as follows:

" 'When a cause is regularly set for trial, it is not the duty of the court to call counsel when absent, and it is no abuse of discretion to proceed to trial when the cause is reached in its order, where no postponement of the case has been taken, and no leave to be absent has been granted to the parties or their counsel.'

"The contention that the cause did not properly stand for trial is without merit."

■ Under the Oklahoma procedure, notice is not required before default judgments are entered. Title 12, § 666, Okl. Stat.1951, provides:

"§ 666. Time of trial.—Actions shall be triable at the first term of court, after or during which the issues therein, by the time fixed for pleading are, or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket, and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default stand for trial forthwith. * * *"

Appellant directs our attention to Adams & McGahey v. Neill, 58 N.M. 782, 276 P.2d 913, 51 A.L.R.2d 830. That case was upon an order overruling motion of defendant to vacate a default judgment. We held that where the defendant was not in default at the time default judgment was rendered against him, and no notice was given pursuant to Rule 55(b) (2), that the trial court's refusal to vacate its original judgment was an abuse of discretion. The

Adams & McGahey case is distinguishable from this case in the light of our rule and the Oklahoma statute quoted above.

■ In State v. Patten, 41 N.M. 395, 69 P.2d 931, 933, and followed by a long line of decisions, this court has held that every presumption not inconsistent with the record, is to be indulged in favor of the jurisdiction of courts of general jurisdiction whose judgments are collaterally attacked; and their judgments, though void for want of jurisdiction and would be so held on direct attack, cannot be questioned on that ground when attacked collaterally, unless the lack of jurisdiction appears affirmatively in the judgment roll. In the Patten case, this court on the matter of jurisdiction, stated:

"A clear distinction must be made between 'Jurisdiction' and 'Exercise of Jurisdiction.' The authority to decide a cause at all, and not the decision rendered therein, is what makes up jurisdiction; * * *."

Again in McDonald v. Padilla, 53 N.M. 116, 202 P.2d 970, 973, we set out the rule as follows:

"The rule is that as against a collateral attack, a judgment is valid unless the contrary appears in the judgment roll, and the omission of every step in the proceedings except the entry of the judgment, does not overcome the conclusive presumption of regularity of a judgment when collaterally attacked, if the record does not affirmatively disclose the omissions. State v. Patten, 41 N.M. 395, 69 P.2d 931; Dallam County Bank v. Burnside, 31 N.M. 537, 249 P. 109; Davis v. Tuggle's Adm'r, 297 Ky. 376, 178 S.W.2d 979; Hall v. Johnston, 9 Cir., 86 F.2d 820; White v. White, 142 Tex. 499, 179 S.W.2d 503; West v. Capitol Trust & Savings Bank, 113 Mont. 130, 124 P.2d 572; Lewis v. Lewis, 238 Mo.App. 173, 176 S.W.2d 556."

In the McDonald case it was argued that the judgment was void because of the "failure of the court to issue process; failure to service process on the defendant, and failure of defendant to enter an appearance in the case." The court met these arguments by the following language:

"But none of these alleged defects appear affirmatively in the record. Mere silence of the record on jurisdictional facts does not render the judgment void on collateral attack. The omission must affirmatively appear in the record. Hall v. Johnston, supra; Davis v. Tuggle's Adm'r, supra; West v. Capitol Trust & Savings Bank, supra; State ex rel. Delmoe v. District Court, 100 Mont. 131, 46 P.2d 39."

See also Bounds v. Carner, 53 N.M. 234, 205 P.2d 216; Kutz Canon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522.

This same rule was applied under very different circumstances in the case of Atlantic Refining Company v. Jones, 63 N.M. 236, 316 P.2d 557, where a Kansas judgment was being collaterally attacked.

While entertaining some doubts in our minds as to the desirability of extending the rule of McDonald v. Padilla, supra, as it has been consistently applied by this court in cases of collateral attacks on domestic judgments, to cases of collateral attacks on judgments of sister states, as was apparently done in Atlantic Refining Company v. Jones, supra, we do not feel that it is necessary for us, in this case, to pass upon whether the rule is or should be the same in these two situations. This is true for the reason that even if we concluded that the Oklahoma judgment was subject to collateral attack on grounds of jurisdiction, appellant, nevertheless, was not prejudiced by the lower court's ruling otherwise.

Appellant in point II says that the court erred in refusing the granting of a continuance for trial of the issue as to whether the Oklahoma attorney had authority to enter the appearance of appellant in the Oklahoma proceedings, and argues that apparently the trial court concluded that the judgment of a sister state has the same standing in New Mexico as a domestic judgment, precluding impeachment of judicial recitals contained in the judgment roll, and argues further that only in the case of Atlantic Refining Company v. Jones, supra, was a foreign judgment involved.

The record discloses that there was some misunderstanding between counsel as to whether the entire case was to be disposed of by the court after hearing the evidence, or whether counsel for appellant, if he failed on the issues submitted, would still be permitted to try the issue as to the authority of the Oklahoma attorney to enter the appearance of defendant, Falls, in the Oklahoma proceedings. Both counsel attached certificates as to their recollection of the matter. It appears that the case was regularly set for hearing by the Bernalillo district court and evidence was taken, at the conclusion of which the trial court announced that the judgment sued upon was a valid judgment and entitled to full faith and credit under the Constitution of the United States. Immediately thereafter the defendant moved for a separate trial, before the entry of the judgment, of the issues framed in the fourth defense of the answer as to whether the Oklahoma attorney was authorized to enter the appearance of Falls in the Oklahoma proceedings. Counsel for appellant attached to said motion a letter which he had received from the Oklahoma attorney and said letter is in the record. The trial court covered most of these matters in the final judgment entered in this cause and, among other matters contained in the judgment, the court found:

"And it being the understanding and recollection of the Court that the trial setting of this cause was made for the purpose of disposing of all issues in the cause, and that no right was reserved to the Defendant to have a continuance as to any issues in the event that he failed to prevail as to others;

"And it further appearing to the Court that no sufficient showing has been made to justify the reopening of this cause and the granting of a continuance as prayed for;

"It Is Ordered that said Motion of the Defendant for a reopening of this cause and the granting of a continuance be and it hereby.is overruled;"

Counsel for appellant relies in part upon the case of Thompson v. Whitman, 1874, 85 U.S. 457, 18 Wall. 457, 21 L.Ed. 897. This case is cited as authority as to whether the recitals as to jurisdiction contained in a judgment of a sister state, sued on in New Mexico, may be impeached by extrinsic evidence in a collateral attack on that judgment. However, even if we concede that the rule announced in the Whitman case may be and probably is correct, appellant did not bring himself within the rule because he did not prove or offer to prove the absence of jurisdiction. Appellant, after being overruled by the trial court on the first issue that the judgment sued on was a valid judgment, then moved for a separate trial and for a continuance, evidently for the purpose of proving or attempting to prove extrinsic fraud, or the absence of jurisdiction, but the court in its discretion, denied the motion.

Counsel for appellee directs our attention to the fact that the motion for a continuance failed to comply with § 21-8-8, N.M.S.A. 1953. Even if that be so, the matter of the continuance of a cause rests within the sole discretion of the trial court and will not be interfered with upon appeal, unless it appears that the trial court has abused its discretion. Territory v. Watson, 12 N.M. 419, 78 P. 504; Mogollon G. & C. Co. v. Stout, 14 N.M. 245, 91 P. 724; State Bank of Commerce of Clayton v. Western Union Tel. Co., 19 N.M. 211, 142 P. 156, L.R.A.1915A, 120.

Under the record we cannot say that the trial court abused its discretion.

Finding no error in the record, the judgment of the district court is affirmed.

It is so ordered.

McGHEE, C. J., and COMPTON, CARMODY and MOISE, JJ., concur.